2010 VT 48

**STATE of Vermont v. Michael BRILLON**

[996 A.2d 1187]

No. 10-157

¶ 1. May 5, 2010. Defendant Michael Brillon appeals a decision of the Bennington District Court ordering him held without bail under 13 V.S.A. § 7553, which provides that a person may be held without bail when "charged with an offense punishable by life imprisonment," as long as "the evidence of guilt is great." Defendant is charged with second-degree domestic assault and faces a maximum penalty, if convicted, of life in prison based on his alleged status as a habitual offender. See 13 V.S.A. § 11 (permitting "imprisonment up to and including life" on conviction of fourth felony). We affirm.

¶ 2. The facts underlying defendant's appeal have twice been before this Court and need no exhaustive retelling here. In brief, defendant was charged with aggravated domestic assault in 2001 resulting from an incident wherein he allegedly struck his former girlfriend. This offense was charged as a felony because, if convicted, defendant could also have been found in violation of a condition of release previously imposed to protect the complainant. See 13 V.S.A. § 1044(a)(1) (enhancing domestic assault to second-degree aggravated domestic assault if committed in violation of conditions of specific court order). After being convicted at trial, defendant was sentenced to twelve to twenty years in prison. Defendant appealed. This Court overturned his conviction on the ground that the state was responsible for a significant portion of the delay in getting to trial, and thus his right to a speedy trial had been violated. *State v. Brillon (Brillon I)*, 2008 VT 35, 183 Vt. 475, 955 A.2d 1108. The United States Supreme Court reversed this ruling on appeal. *Vermont v. Brillon*, 556 U.S. ___, 129 S. Ct. 1283 (2009). On remand, we again reversed defendant's conviction and remanded for a new trial because the trial court had erred in denying defendant's request to bifurcate his original trial: holding one trial for the assault charge and a second for the aggravating element. *State v. Brillon (Brillon II)*, 2010 VT 25, ¶ 12, 187 Vt. 444, 995 A.2d 557.

¶ 3. At a bail review hearing on April 9, 2010, pending defendant's new trial, defendant argued that he was not a flight risk — a fact the State conceded. Because of his strong ties to the community and the fact that he had voluntarily surrendered himself to custody following the United States Supreme Court decision, he argued that he should be released on conditions into the custody of his sister who lives less than a mile from the Vermont border, in New York. To facilitate this, defendant offered to sign a waiver of extradition to ensure his return to Vermont or find an alternate residence in Vermont if the court required. His sister testified regarding the year defendant had spent living in her home — during the pendency of the appeal to the United States Supreme Court — and noted that he had not had any run-ins with the police. He also argued that, though he is facing the potential of life in prison, even if convicted he is much more likely to receive a lesser sentence and has already served eight years. Finally, defendant pointed out that, based on *Brillon II,*

defendant has no current conviction on the underlying aggravated assault charge and so has no fixed sentence from which to flee.

¶ 4. The State countered that defendant's lack of a conviction or sentence for the underlying offense meant that defendant could potentially face a more lengthy sentence than he originally received. Moreover, the State argued that defendant had a history of failure to comply with conditions of release dating back to an obstruction of justice conviction from 1981 and, until the statute of limitations ran during the pendency of this case, faced similar charges stemming from his alleged assault on the complainant. The State also contested any potential release to defendant's sister's home in New York, especially in light of defendant's status in Vermont as a sex offender and the presence of underaged children in the home. Finally, the State pointed out that it was ready to rapidly bring the case to trial and that the complainant was "still extremely concerned with the defendant being released, particularly because there's been absolutely zero programming."

¶ 5. The trial court concluded that, notwithstanding the State's concession that defendant did not present a flight risk, there was a significant concern based on defendant's history of noncompliance with court orders, particularly with respect to the complaining witness in this case, that defendant would not be compliant with conditions of release. The court also concluded that, in addition to some incentive not to appear, there were incentives for defendant to obstruct justice and to violate conditions of release and pose a danger to the complaining witness as well as other members of the public.

¶ 6. On appeal, defendant contends that the trial court erred in denying him bail in violation of his due process rights. He argues that the current pretrial detention, taken along with his lengthy detention before his earlier trial, violates his due process rights because it is excessive. Next, he suggests that § 7553 does not permit a court to hold a defendant without bail on a "prediction of future dangerousness" and in the absence of evidence that the defendant is a flight risk. Finally, defendant requests that this Court recognize that the State must prove defendant poses a risk of danger to the public by clear and convincing evidence before the trial court can order him held without bail. We find no merit in defendant's arguments and affirm the trial court's decision.

¶ 7. When a defendant faces life imprisonment, the normal presumption in favor of bail is reversed so long as "evidence of guilt is great." 13 V.S.A. § 7553; see *State v. Blackmer*, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993) (holding that in § 7553 cases where evidence of guilt is great "the constitutional right [to bail] does not apply, [and] the presumption is switched so that the norm is incarceration and not release"). When reviewing a trial court's determination of whether or not the evidence of guilt is great, "we consider whether substantial, admissible evidence of guilt, taken in the light most favorable to the State, can fairly and reasonably convince a fact-finder beyond a reasonable doubt that defendant is guilty." *State v. Hardy*, 2008 VT 119, ¶ 10, 184 Vt. 618, 965 A.2d 478 (mem.); accord *State v. Duff*, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989). Finally, we note that our review of the trial court's "extremely broad discretion in this area" is "strictly limited" so long as the defendant has had an opportunity to be heard, and the trial court will not be reversed absent abuse. *State v. Pellerin*, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 204 ("[T]he trial court has extremely broad discretion in [determining bail under 13 V.S.A. § 7553].").

¶ 8. We conclude that the record here supports the court's decision that defendant should be held without bail. First, as

the trial court found, the evidence of guilt against defendant is great — indeed, the court noted that, after hearing from all the witnesses in the original case and hearing "much of the evidence that it's likely to hear on retrial," a jury convicted defendant. Thus, because the operation of the enhanced sentencing provision of § 11 subjects defendant to a potential life sentence, the presumption of imprisonment under § 7553 applies. See *Pellerin*, 2010 VT 26, ¶ 2 ("[A]lthough none of the offenses defendant is currently charged with are, by themselves, punishable by life imprisonment, because of his number of prior felony convictions, 13 V.S.A. § 11 is applicable and any one of the felony charges against him does implicate the prospect of life imprisonment." (quotation omitted)).

¶ 9. Under the presumption triggered by operation of § 7553, the trial court had ample support for its conclusion that defendant would not be compliant with any conditions of release and that, if released, he would pose a risk to the public. Concluding that there remained under the circumstances some risk of flight, the court's "most significant concern [was] whether or not Mr. Brillon . . . can be expected to abide by the court's conditions." The court noted defendant's previous alleged violations of court orders and "noteworthy history [of] being resistant to court decrees." The court found the history of defendant's assaultive behavior regarding the complaining witness in this case, as well as the fact that this behavior occurred while defendant was subject to conditions of release, to be particularly troubling.

¶ 10. We note that defendant's argument that denial of bail here amounts to an impermissible preventive detention in violation of his federal due process rights is without merit. In *Blackmer*, we derived three applicable due process requirements from federal case law: "(1) bail cannot be denied in order to inflict pre-trial punishment; (2) pretrial detention cannot be excessive in relation to the regulatory goal, and (3) the interests served by the detention must be legitimate and compelling." 160 Vt. at 459-60, 631 A.2d at 1140. In concluding that a presumption of incarceration under § 7553 did not violate a defendant's due process rights, we noted that "[o]nce the court determines that defendant cannot be trusted to comply with conditions of release, the effect on risk of flight and other bail interests becomes obvious." *Id.* at 461-62, 631 A.2d at 1141.

¶ 11. Notwithstanding defendant's argument that the only factor the trial court looked at was "a prediction of future misconduct," the court based its decision to deny bail primarily on defendant's long history of disobeying court orders, a history the court found warranted serious doubt about whether defendant would obey conditions of release and, by extension, whether the public would be adequately protected. We discern no error in this analysis. See *Pellerin*, 2010 VT 26, ¶ 14 (upholding denial of bail where trial court concluded that defendant would not abide by conditions of release); *State v. Gardner*, 167 Vt. 600, 601, 709 A.2d 499, 500 (1998) (mem.) (holding that in a § 7553 analysis it was appropriate for trial court to deny bail upon concluding that "it was far from fully convinced that any conditions could overcome the great risks posed by defendant's release" (quotation omitted)); *Blackmer*, 160 Vt. at 459, 631 A.2d at 1139 ("When the need for conditions [of release] is viewed in light of the possible punishment of life imprisonment, it is entirely appropriate for the court to deny bail unless it is fully convinced that the defendant will abide by the conditions [of release].").

*Affirmed.*