2015 VT 28

**STATE of Vermont v. Mehmed DEVAC**

[___ A.3d ___]

No. 10-458

¶ 1. December 20, 2010. Defendant Mehmed Devac appeals the Chittenden Criminal Court's December 3, 2010 decision to hold him without bail pursuant to 13 V.S.A. § 7553, which states that a "per-

son charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." Defendant is charged with second degree attempted murder, 13 V.S.A. § 2301, and assault and robbery resulting in bodily injury, 13 V.S.A. § 608(c). If convicted of the attempted murder charge, he faces a maximum penalty of life in prison. See 13 V.S.A. § 2303(a)(2)(A). Under the law, once the State provides a factual basis demonstrating that evidence of the defendant's guilt is great, a presumption arises in favor of incarceration under § 7553. *State v. Blackmer*, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993). This presumption shifts the burden to the defendant to show that he is bailable. *Id.* For the purposes of the bail review hearing defendant stipulated that the evidence in support of the claim that he committed an assault and robbery was great. The only question before the trial court, then, was whether the evidence of guilt was great with regards to the attempted murder charge. The court found that the State had produced enough evidence to meet this standard and that defendant had failed to provide sufficient evidence to show that he was bailable. After reviewing the transcript of the proceedings below, admitted exhibits, and the court's written order, we affirm.

¶ 2. On the night of the incident, defendant was a passenger in a car. The driver of the car testified that she, defendant, an accomplice, and another passenger decided to drive to Burlington after having been kicked out of a bowling alley in Colchester. During the ride, defendant and the accomplice discussed threatening and robbing someone. There was no discussion of the method they would use to threaten and no mention of a knife. When the group reached Burlington they drove around until they saw someone walking alone in the Willard Street area at which point the driver pulled over to let the accomplice and defendant out. The driver and the passen-

ger then continued to drive around until the passenger received a text message from the two others asking to be picked up. When defendant and the accomplice reentered the car they produced a wallet containing $10 and some coupons. Defendant said he had stabbed someone. The driver testified that defendant "seemed happy about it" and that he kept repeating, "I got him between the ribs." The group then drove away, leaving the victim at the scene. They headed towards Winooski and during the drive defendant said they needed to find a place to get rid of the wallet. The accomplice and defendant then attempted to dispose of the wallet and knife in a sewer drain.

¶ 3. The alleged victim testified that he was walking north on Willard Street in Burlington on the evening in question when he was attacked by two men. They began beating him over the head with a blunt instrument and asking for his wallet. The victim did not recall fighting back but was not "going down too easily" until he felt an extreme pain in his upper ribs and armpit area. At that point he fell to the ground and the two men continued to beat him until he threw them his wallet and they ran off. After the men left, the victim stood up and realized he had been stabbed between the ribs in the area of his left armpit. He was discovered by some passers-by and taken to the hospital where he was treated for blunt force trauma to his head and a collapsed lung — the result of the stabbing.

¶ 4. Under 13 V.S.A. § 7553, a person charged with an offense punishable by life in prison may be held without bail if "the evidence of guilt is great." This statute implements Chapter II, § 40 of the Vermont Constitution. We have explained that "in cases where the constitutional right [to bail] does not apply, the presumption is switched so that the norm is incarceration and not release." *Blackmer*, 160 Vt. at 458, 631 A.2d at 1139. Consequently, so long as the trial court gives

the defendant an opportunity to be heard, the trial court's discretion is "extremely broad," and our review is "strictly limited." *State v. Brillon*, 2010 VT 48, ¶ 7, 188 Vt. 537, 996 A.2d 1187 (mem.) (quotations omitted).

¶ 5. In determining whether the evidence of guilt is great, we use the standard of Vermont Rule of Criminal Procedure 12(d), requiring evidence sufficient to make a prima facie case against the defendant. *State v. Duff*, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989). Under this standard, we consider whether substantial, admissible evidence of guilt, taken in the light most favorable to the State, can fairly and reasonably convince a factfinder beyond a reasonable doubt that the defendant is guilty. *Id.* at 439-40, 563 A.2d at 262-63. Based on this standard, we affirm the trial court's holding.

¶ 6. Second degree murder is the unlawful killing of a person with "malice aforethought," which we have defined as "an intention to kill, an intention to do great bodily harm, or a wanton disregard of the likelihood that one's behavior may naturally cause death or great bodily harm." *State v. Hatcher*, 167 Vt. 338, 344, 706 A.2d 429, 432 (1997) (quotations omitted). "Intent is rarely proved by direct evidence; it must be inferred from a person's acts and proved by circumstantial evidence." *State v. Cole*, 150 Vt. 453, 456, 554 A.2d 253, 255 (1988). Here the intent to kill can be inferred from the evidence of defendant's use of a deadly weapon in a lethal manner — that is, stabbing the victim with a knife in a vital area of the body.

¶ 7. Under the law, a person "who attempts to commit an offense and does an act toward the commission thereof, but by reason of being interrupted or prevented fails in the execution of the same" is guilty of attempt. 13 V.S.A. § 9(a); see *State v. Synnott*, 2005 VT 19, ¶ 22, 178 Vt. 66, 872 A.2d 874. The State has produced sufficient evidence to show that defendant

stabbed the victim. We have already concluded that the act of stabbing is sufficient to persuade a jury that defendant had the intention to kill the victim. Further, the stabbing constitutes an overt act designed to carry out that intent. Thus, the evidence taken in the light most favorable to the State and disregarding modifying evidence fairly and reasonably shows that defendant is guilty beyond a reasonable doubt of attempted second degree murder.

*Affirmed.*