### 2015 VT 62

### STATE of Vermont v. Frank BAKER

[116 A.3d 1192]

No. 15-119

¶ 1. April 3, 2015. Defendant Frank Baker appeals the trial court's February 25, 2015 decision to hold him without bail pursuant to 13 V.S.A. § 7553, which states that "[a] person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." Defendant is charged with second-degree aggravated domestic assault, 13 V.S.A. § 1044(a)(2)(A), a felony, for threatening serious bodily injury to his wife.[1] He faces a maximum penalty, if convicted, of life in prison based on his alleged status as a habitual offender. See 13 V.S.A. § 11 (permitting "imprisonment up to and including life" on conviction of fourth or subsequent felony). We review the trial court's decision as a three-justice panel, pursuant to Vermont Rule of Appellate Procedure 9(b)(2).

¶ 2. We have explained that "in cases where the constitutional right [to bail] does not apply" — such as those in which a person is faced with a potential sentence of life imprisonment and the evidence against that person is great — "the pre-sumption is switched so that the norm is incarceration and not release." *State v Blackmer*, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993). The trial court must determine whether the evidence of guilt is great using the standard of Vermont Rule of Criminal Procedure 12(d), which requires evidence sufficient to make a prima facie case against the defendant. *State v Duff*, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989). Under this standard, it has to consider whether substantial, admissible evidence of guilt, taken in the light most favorable to the State, can fairly and reasonably convince a fact-finder beyond a reasonable doubt that the defendant is guilty. *Id.* at 439-40, 563 A.2d at 262-63. As long as the trial court gives the defendant an opportunity to be heard, the trial court's discretion is "extremely broad," and our review under § 7553 is "strictly limited." *State v Brillon*, 2010 VT 48, ¶ 7, 188 Vt. 537, 996 A.2d 1187 (mem.) (quotation omitted). With these standards in mind, we affirm the trial court's holding.

¶ 3. The trial court conducted a weight-of-the-evidence hearing before issuing its decision to continue to hold defendant without bail. There, it heard testimony from defendant's wife — the alleged victim of the current domestic assault charge — and defendant's mother, into whose custody defendant seeks to be released. The court also examined exhibits submitted by the State, including prior sworn statements from defendant's wife, the arresting officer's affidavit of probable cause, and defendant's conviction record.

¶ 4. Defendant's wife testified to the following. In the days and weeks prior to the incident, defendant sent his wife numerous text messages, which the trial court found were threatening, demeaning, and insulting. On the day of the incident she went to the auto body shop where defendant was working to confront him about his drug use. Defendant and his wife began arguing at the auto body

---

[1] A conviction under § 1044(a)(2)(A) requires a prior conviction, within the last 10 years, for violating an abuse prevention order. It is uncontested that defendant has such a conviction.

shop and defendant asked her to leave, but she did not. Eventually, defendant slammed his fist on a wooden board that he had been working on, and the board flipped up in the air. He then picked up the board, swung it back, and threatened to smash her in the face with it if she did not leave.[2]

¶ 5. The court also found the official conviction record and police affidavit sufficient to show that defendant had three prior felony convictions, and therefore the habitual-offender statute applied, so defendant faced a maximum potential sentence of life imprisonment. The court found all of the above testimony credible and sufficient to meet the prima facie standard of 13 V.S.A. § 7553. Defendant does not contest this decision.

¶ 6. The court next exercised its discretion under § 7553 by carefully weighing the factors against and in favor of holding defendant without bail. It found that his prior violations of abuse prevention orders — which are akin to conditions of release — indicate an unwillingness or inability to follow restrictive court orders. His additional prior convictions and violations of probation further show an inability to lead a law-abiding lifestyle for any long period of time. Although he did not

physically assault his wife, and she testified that she would not fear him if released, the court considered the repeated threatening and demeaning text messages that defendant sent to his wife. Also weighing against release is the current high emotional state of defendant's relationship with his wife in the midst of a separation and divorce. The court did not feel that risk of flight was a major concern, and that his employment and stable residence with his mother were positive factors. Nevertheless, the court concluded that defendant's release would pose too great a risk to his wife and possibly other people.

¶ 7. The above findings are all supported by substantial evidence, and the court's careful balancing shows a proper use of its discretion supported by the record below. We therefore affirm.

*Affirmed.*

---

[2] Defendant's wife testified in prior sworn statements that defendant threatened to smash her in the face with the board, but she receded from that statement in her testimony at the weight-of-the-evidence hearing and avoided giving a straight answer about whether he in fact threatened to strike her. The Rule 12(d) standard, however, requires the court to view all evidence in a light most favorable to the State and exclude modifying evidence. *State v. Millette*, 173 Vt. 596, 596, 795 A.2d 1182, 1183 (2002) (mem.). The trial court therefore could properly rely on the wife's sworn statement in determining whether the State made out a prima facie case.