**ENTRY ORDER**
2015 VT 114
SUPREME COURT DOCKET NO. 2015-274
AUGUST TERM, 2015

| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Franklin Unit |
| | } | Criminal Division |
| | } | |
| James Cushing | } | DOCKET NO. 821-7-15 Frcr |

Trial Judge:  Alison S. Arms

In the above-entitled cause, the Clerk will enter:

¶ 1.    Defendant James Cushing has been charged with domestic assault, in violation of 13 V.S.A. § 1042, for an alleged assault against his girlfriend, Joeleen Cameron.[1]  Defendant was arraigned on July 27, 2014, and at the State's request the Superior Court, Criminal Division imposed several conditions of release, including conditions that defendant not contact or harass Cameron and that he not consume alcohol.  Defendant objected to the no-contact condition, and the court held an evidentiary hearing on July 29, 2015.  The court found that the no-contact condition was necessary to protect Cameron from further physical violence and imposed the condition.  This appeal followed.

¶ 2.    As an initial matter, the Court notes that defendant argues that this Court's review is of two conditions of release: (1) "condition 14"—that defendant not have contact with Cameron, and (2) "condition 31"—that he stay 300 feet away from her residence, place of employment, and vehicle.  The State's arguments, however, only address the no-contact condition.  Neither party addressed this discrepancy at argument.  This Court's review of the transcript of the two proceedings below—the July 27 arraignment and July 29 evidentiary hearing—reveals that during the arraignment, defense counsel objected solely as to the no-contact condition, stating: "We have no—the alcohol and Karib conditions are no problem.  We do object to the 14, Your Honor."  Defense counsel then explained that the victim is against the no-contact condition and the 300-foot condition.  Defense counsel made clear, however, that he does not represent the victim.  No objection as to condition 31 was ever made.  At the July 29 hearing, the trial court expressly indicated that the purpose of the evidentiary hearing was

---

[1]  The Court notes that the charge as filed was for domestic assault.  At the arraignment, there was discussion about the State proceeding with the charge as an attempt.  The record is not entirely clear as to what offenses ultimately will be charged.  This is not an important consideration for the issue on appeal.

"regarding the no-contact condition that the court imposed when this case was arraigned on the 27th." Neither party indicated a contrary understanding. At the conclusion of the testimony, both sides' arguments were framed in terms of addressing the "no-contact condition." In issuing its order, the court explicitly mentioned "condition 14." Again, neither side indicated its belief that condition 31 was also at issue. It is clear that the trial court was under the impression that defense counsel had only objected to condition 14 and that therefore that was the only matter for its consideration. This Court will not address arguments raised for the first time on appeal. See, e.g., State v. Campbell, 2015 VT 50, ¶ 21, ___ Vt. ___, ___ A.3d ___ (explaining that this Court will not address issues that were not raised with specificity and clarity below; "[t]he purpose of this limitation is so the trial court will have an opportunity to fully develop the relevant facts and to reach considered legal conclusions" (quotation omitted)). Accordingly, we review solely as to condition 14.

¶ 3. Pursuant to § 7556(b), when conditions of release have been imposed, an appeal may be taken to a single justice of this Court. "Any order so appealed shall be affirmed if it is supported by the proceedings below." Id. The trial court has discretion to impose conditions of release under 13 V.S.A. § 7554(a), see State v. Parda, 142 Vt. 261, 263, 455 A.2d 323, 324 (1982) (single-justice mem.), and we will not reverse such discretionary rulings unless "the court failed to exercise its discretion, or exercised it for reasons clearly untenable or to an extent clearly unreasonable," see State v. Barrows, 172 Vt. 596, 596, 776 A.2d 431, 432 (2001) (mem.) (quoting State v. Patch, 145 Vt. 344, 353, 488 A.2d 755, 761 (1985)).

¶ 4. At the July 29, 2015 evidentiary hearing, the State called two witnesses, Thomas Conley and Sam Wheeler. The defense called Cameron. Both Conley and Wheeler testified that on the night of the incident, they were working as bouncers at Club Karib in St. Albans when they observed an altercation between a man and a woman directly across the street from the club. As they crossed the street to intervene, they saw what appeared to be the man raise his arm back and then strike the woman in the face. Conley explained: "I saw him step back—lean back a little and his—brought his right arm back and then it was obvious he struck her." He further explained that he "saw her head recoil." Wheeler testified that he observed the woman's head "jerk back violently." When the two reached the other side of the street and yelled out to defendant to get his attention, defendant came over and said to Wheeler: "you'll fight me right now if you're not a cunt or nigger." Thereafter, the St. Albans police arrived and the two bouncers' involvement ended.

¶ 5. Cameron then testified for the defense. She explained that she has been in a relationship with defendant for approximately seven years and that until the night in question she had been living with him and her nineteen-year-old son in Fletcher, Vermont. She testified that, excluding the allegations underlying this case, there had never been any physical violence between them during that time period. She explained that when the police arrived, after the bouncers had intervened that night, she had denied that defendant had hit her and that an officer had examined her with a flashlight, checking her face, neck, and back of her head. She testified that the officer said that he did not see any visible marks and that he walked away. She also testified that defendant does not drink to excess on a regular basis and that, given the no-alcohol condition also imposed by the court, that she had no concerns about being safe around him. She explained that she wanted the no-contact conditions lifted because: "We live together; I mean,

we share bills, we have cars together, a house together, children. I have a grandson. You know, he's part of our life; has been for seven years."

¶ 6. The State argued that defendant has an extensive criminal history, including two convictions for violations of court orders, several prior convictions for assaultive behavior, and two escape convictions. The State further argued that it had no faith that the no-alcohol condition alone would be sufficient to protect Cameron. The State pointed out that the no-contact condition is a common request in domestic-assault cases and that it is not unusual for a victim to deny that an assault occurred. The State referenced the testimony of Conley and Wheeler who both were witnesses to the alleged assault.

¶ 7. The defense argued that the majority of defendant's criminal record occurred when he was a younger man and that for the past ten years or so he had been more or less free of run-ins with the law. Defendant argued that because Vermont law requires that the least restrictive set of conditions be imposed to protect the public safety, and because there are uncontested no-alcohol and no-harassment conditions in place, and as there is no history of violence between defendant and Cameron, there is no justification for the imposition of the no-contact condition.

¶ 8. Over defendant's objection, the court imposed the no-contact condition. The court explained that its decision is "not based upon any finding that [defendant's] record predisposes him to violence," but that "the imposition of [the no-contact condition] is based upon the credible testimony of [Conley and Wheeler]." The court also explained that it did not find Cameron's testimony that no strike occurred to be credible. Thus, the court concluded:

> And so you are correct, . . . the statute does require that conditions of release are designed to ensure public safety in this case, particularly Ms. Cameron. And so the Court is going to issue [the no-contact condition]; in this case the Court finds that it is necessary to protect Ms. Cameron from further physical violence . . . .

¶ 9. On appeal, defendant makes three arguments why the proceeding below does not support the trial court's decision and thus the no-contact condition must be struck. First, defendant contends that under 13 V.S.A. § 7554(a)(2), the court failed to impose the least restrictive combination of conditions that would reasonably assure protection of the public. Second, he argues that, under § 7554(b), the court failed to consider defendant's family ties, his length of residence in the community, and the circumstances surrounding the alleged assault. Finally, defendant argues that under § 7554(a)(2)(D), forbidding him from contact with Cameron is a "physically restrictive condition" that forced him to leave his home and is not justified by "extraordinary circumstances."

¶ 10. The relevant statute in this case is 13 V.S.A. § 7554. Under this section, any person charged with an offense, other than a person held without bail, shall be ordered released pending trial. The court may, in its discretion, impose various conditions on such release. Id. § 7554(a). Under § 7554(a)(1), a judicial officer has the authority to impose a myriad of conditions designed to "reasonably assure the appearance of the person as required." In cases

3

where a judicial officer determines that the conditions imposed to secure appearance "will not reasonably protect the public," § 7554(a)(2) authorizes the imposition of "the least restrictive" or "the least restrictive combination" of five statutorily-enumerated conditions, which are designed to "reasonably assure protection of the public." Additionally and separately, § 7554(a)(3) authorizes a judicial officer to "order that a defendant not harass or contact or cause to be harassed or contacted a victim or potential witness." "In determining which conditions of release to impose under [§ 7554(a)], the judicial officer shall, on the basis of available information, take into account" various statutorily-enumerated factors, including:

> the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, record of convictions, and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

Id. § 7554(b). In making its determinations, the judicial officer may also consider "[r]ecent history of actual violence or threats of violence . . . as bearing on the character and mental condition of the accused." Id.

¶ 11. In this case, the court imposed a condition that defendant not contact Cameron, the alleged victim of the charged offense. It appears the court phrased its imposition of the no-contact condition in light of the standard articulated under § 7554(a)(2); i.e., that the no-contact condition is necessary to protect the public, of which Cameron is a member. Nevertheless, we will affirm an order of the court if it is supported by the proceedings below, and will not reverse unless the court exercised its discretion in an improper manner. Here, because § 7554(a)(3) expressly authorizes the court to impose a no-contact condition, defendant's two arguments that the court improperly imposed the condition under § 7554(a)(2) are unavailing. Under § 7554(a)(3), the court is not bound to impose the "least restrictive" condition to prevent contact with a victim, nor must it find extraordinary circumstances to impose a condition restricting contact;[2] it may simply order that no contact occur. In issuing its decision from the bench, the court explained that it was solely relying on the testimony of the two bouncers, who each testified that they witnessed defendant strike Cameron. The court expressly stated that it did not find Cameron's testimony to the contrary to be credible on the issue of whether she was punched. Thus, although the court muddied the waters by referencing the standard under § 7554(a)(2) in imposing the condition, in this case the condition as imposed is supported by the proceeding below, which the court felt indicated that Cameron was the victim of an alleged assault. This Court cannot say that the trial court abused its discretion.

---

[2] The Court also questions whether a condition prohibiting contact between an alleged assailant and victim can be considered a "physically restrictive condition" under § 7554(a)(2)(D). This is not a condition that prohibits defendant from being in a particular place altogether; rather, it solely prohibits him from contacting the alleged victim, Cameron. As the State pointed out at argument, this condition does not prevent defendant from returning to his home or from patronizing any particular establishment—he just cannot do so while Cameron is present such that contact would occur.

4

¶ 12. Additionally, review of the record of the proceeding below demonstrates that the court adequately considered the factors under 13 V.S.A. § 7554(b). Defendant's objection was to the imposition of the no-contact provision. In imposing that condition, the court relied upon the testimony as a whole of both Conley and Wheeler, and expressly rejected as not credible Cameron's testimony that defendant did not strike her. The testimony of the two bouncers was that there had been a public altercation between defendant and Cameron that included at least one strike or punch to the face and did not end until police became involved. Notwithstanding defendant's argument that the court erred by not considering all the factors under § 7554(b), such as his family ties, his length of residency in the community, and the circumstances surrounding the assault, this Court cannot say that the trial court exercised its discretion in a clearly untenable manner. See Patch, 145 Vt. at 353, 488 A.2d at 761. As other members of this Court have concluded in response to similar arguments, "[t]he court does not have to mention every factor that was not critical to its decision." State v. Howard, No. 2008-04, 2008 WL 2815994, at *1 (Vt. Jan. 1, 2008) (unpub. single-justice mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx).

¶ 13. Ultimately, the question for this Court's review under § 7556(b) is not whether this Court would have imposed the challenged conditions had we been similarly situated, but rather whether the conditions imposed by the judicial officer were supported by the proceedings below.

Affirmed.

FOR THE COURT:

☒ Publish

Harold E. Eaton, Jr., Associate Justice

☐ Do Not Publish