**ENTRY ORDER**
SUPREME COURT DOCKET NO. 2016-065
APRIL TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, FranklinUnit, |
| | } | Criminal Division |
| Kevin W. Cook | } | |
| | } | DOCKET NOS. 82-1-16 Frcr and |
| | } | 114-1-16 Frcr |
| | | |
| | | Trial Judge: Robert A. Mello |

In the above-entitled cause, the Clerk will enter:

Defendant Kevin Cook appeals two conditions of release imposed by the trial court in Docket Nos. 82-1-16 Frcr and 114-1-16 Frcr.

Defendant and his ex-girlfriend were together for twenty-seven years. They were not married, but they have a seventeen year-old daughter. As a result of a domestic dispute, defendant was under a temporary abuse prevention order (TRO) issued on January 1, 2016. The TRO prohibited him from contacting either his ex-girlfriend or his daughter and prohibited him from coming within 300 feet of his ex-girlfriend's home, employment, or car.

On January 20, 2016, defendant was charged with violating the TRO pursuant to 13 V.S.A. § 1030(a). The State alleged that defendant violated two terms of the TRO: defendant contacted his daughter and defendant was 239 feet from his ex-girlfriend's house.

Defendant was arraigned on January 21, 2016 for violating the abuse prevention order, and assigned Docket No. 82-1-16 Frcr (the VAPO docket). After a brief arraignment hearing, the criminal division released defendant on conditions that mirrored the TRO imposed by the family division. Specifically, the criminal division imposed Condition 14, prohibiting defendant from contacting both his ex-girlfriend and his daughter, and Condition 31, prohibiting defendant from being 300 feet from his ex-girlfriend's home, employment, or car. The criminal division noted, however, that if the family division modified the provisions of the TRO after a final hearing, the criminal division would then entertain defendant's motion to amend the conditions of release.

Subsequently, on January 26, 2016, the family division held a final hearing regarding the TRO. The family division found that the ex-girlfriend failed to satisfy the conditions required for an issuance of a relief from abuse order within the meaning of the statute and dismissed the

complaint and the TRO. The conditions of release imposed by the criminal division in the VAPO docket remained in place.

On January 28, 2016, the State charged defendant with violating the conditions of release imposed under the VAPO docket. Specifically, the State alleged that defendant violated Condition 14 by contacting his ex-girlfriend on the night of January 26. Defendant was arraigned and assigned Docket No. 114-1-16 Frcr (the VCR docket).

At the arraignment hearing for the VCR docket, the State and defendant agreed to drop defendant's daughter from the no-contact provision of his conditions of release. Defendant argued further that Condition 14 and Condition 31 should be stricken from the conditions imposed under the VAPO docket because they were not necessary to protect his ex-girlfriend pursuant to 13 V.S.A. § 7554(a)(2).

In addition, defendant claimed that the trial court should not impose Condition 14 or Condition 31 in the VCR docket without making a finding that the conditions were necessary to protect either the public or the court pursuant to 13 V.S.A. § 7554(a)(2). Defendant posited that the criminal division could not make this finding because, in the final relief from abuse hearing, the family division had found that defendant did not cause or attempt to cause his ex-girlfriend physical harm and that he did not place her in fear of imminent harm. Although the criminal division recognized the family division's findings, the judge decided to "err on the side of caution" and imposed similar conditions of release under the VCR docket, including Condition 14, prohibiting contact with defendant's ex-girlfriend and Condition 31, prohibiting defendant from coming within 300 feet of his ex-girlfriend's home, employment, or car. The judge removed defendant's daughter from the newly imposed no-contact provision in the VCR docket.

Subsequently, defendant filed another motion to amend his conditions of release under both the VAPO docket and the VCR docket. Specifically, he asked that Conditions 14 and 31 be stricken from both dockets because they were not necessary to protect his ex-girlfriend pursuant to 13 V.S.A. § 7554(a)(2).

The criminal division held a hearing on defendant's motion to amend the conditions on February 18, 2016. Defendant reiterated his arguments that Conditions 14 and 31 should be stricken because they were not necessary to protect the public and because the criminal division did not make a finding that the no-contact provision was necessary to protect his ex-girlfriend. The criminal division left Conditions 14 and 31 in place, but added exceptions for electronic communication regarding the parties' daughter and the division of their property and debts. Defendant now appeals the amended conditions of his release.

13 V.S.A. § 7556(b) indicates that a single justice of the Court may hear an appeal of amended conditions of release. Further, "[a]ny order so appealed shall be affirmed if it is supported by the proceedings below." Id. Thus, the Court's review under § 7554(a) is strictly limited to whether the trial court abused its discretion. State v. Cushing, 2015 VT 114, ¶ 3, __ Vt. __, 128 A.3d 896. We will not reverse such discretionary rulings unless " 'the court failed to exercise its discretion, or exercised it for reasons clearly untenable or to an extent clearly

2

unreasonable,' " State v. Barrows, 172 Vt. 596, 596, 776 A.2d 431, 432 (2001) (mem.) (quoting State v. Patch, 145 Vt. 344, 353, 488 A.2d 755, 761 (1985)).

13 V.S.A. § 7554 broadly governs release prior to trial. Section 7554(a) describes certain conditions of release the trial court may impose to ensure that the defendant appears in court, that the public is protected, and that the victims or the potential witnesses are not harassed. See §§ 7554(a)(1)-(3). To impose any of the conditions listed under § 7554(a), the trial court must take into account certain statutorily enumerated factors in § 7554(b). Cushing, 2015 VT 114, ¶ 10.

Defendant does not argue that the trial court failed to consider the factors listed in § 7554(b). Indeed, the record clearly demonstrates that the trial court did consider the relevant factors. Instead, defendant claims there is no legal justification for the conditions under § 7554(a).

Under § 7554(a)(2), a trial court may impose additional conditions of release beyond the conditions that ensure the defendant's appearance, as long as the additional conditions are the least restrictive means that will reasonably ensure the protection of the public. Specifically, § 7554(a)(2)(B) allows the trial court to place "restrictions on the travel, association, or place of abode of the defendant during the period of release" while § 7554(a)(2)(D) allows the trial court to "[i]mpose any other condition found reasonably necessary to protect the public, except that a physically restrictive condition may only be imposed in extraordinary circumstances."

Section 7554(a)(3), on the other hand, does not require the trial court to impose the "least restrictive" measure to prevent contact with the victim. See Cushing, 2015 VT 114, ¶ 11. Instead, the trial court may simply "order that a defendant not harass or contact or cause to be harassed or contacted a victim or potential witness." § 7554(a)(3).

On appeal, defendant claims the trial court's decision is not supported by the record below because, under § 7554(a)(2), the trial court failed to impose the least restrictive combination of conditions to reasonably protect the public and improperly imposed a physically restrictive condition—i.e., the 300 feet requirement—without extraordinary circumstances. By contrast, the State argues that the trial court imposed Conditions 14 and 31 pursuant to § 7554(a)(3), which does not require the least restrictive means necessary to protect the public.

In this case, the trial court did not abuse its discretion when it imposed the amended conditions of release. Although the trial court did not specifically refer to § 7554(a)(3), the record shows it was operating under that subsection when imposing the conditions. See Cushing, 2014 VT 114, ¶ 11 (noting that, although trial court "muddied the waters" by referencing § 7544(a)(2), record supported imposition of conditions under § 7544(a)(3)). § 7554(a)(3) does not require the least restrictive means necessary to protect the public or extraordinary circumstances to impose physical restrictions. Id. Here, the ex-girlfriend could be a potential witness under either the VAPO docket or the VCR docket. That is sufficient under § 7554, given that the trial court also properly analyzed the enumerated factors in § 7554(b).

3

The question for this Court's review under § 7554(a) is not whether this Court would have imposed the challenged conditions had we been similarly situated, but whether the conditions imposed by the judicial office were supported by the proceedings below.

Affirmed.

FOR THE COURT:

☐ Publish

Marilyn S. Skoglund, Associate Justice

☒ Do Not Publish