**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2016-333

NOVEMBER TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Orleans Unit, |
| | } | Criminal Division |
| George Woods, Jr. | } | |
| | } | DOCKET NOS. 107-3-15, 510-10-15, & |
| | } | 41-1-16 |
| | } | |
| | } | Trial Judge: Howard E. Van Benthuysen |

In the above-entitled cause, the Clerk will enter:

Defendant, George Woods, Jr., appeals from a Superior Court order modifying his conditions of release to prevent him from having any contact with his wife, the complaining witness in defendant's underlying domestic assault case. We affirm.

The relevant facts for the purposes of this appeal are as follows. On March 10, 2015, defendant was charged with aggravated first-degree domestic assault with a weapon, second-degree unlawful restraint, and misdemeanor domestic assault. Because defendant was charged as a habitual offender, he has been detained since his arraignment at the Northeast Regional Correctional Facility, pursuant to 13 V.S.A. § 7553. The Superior Court initially imposed a pre-trial condition that prohibited defendant from having any contact with his wife, the complaining witness, as authorized by 13 V.S.A. § 7554(a)(3). However, on June 30, 2015, the Superior Court granted defendant's motion to amend his conditions of release. Defendant's modified conditions of release read:

> Defendant must abide by the following conditions: #14: You must not have contact with [the complaining witness], in person. You may only have direct contact with her by phone or by letter, regardless if you are in jail or released. . . . #31: Any communication between George and [the complaining witness] may not be about this case or the incidents underlying it. #15: You must not abuse or harass, in anyway [sic], [the complaining witness], regardless of whether you are in jail or released.

Defendant's first trial resulted in a mistrial, and his second trial was set for July 7, 2016. Defendant continued to be detained pending his second trial. On July 7, 2016, the State filed a motion to continue defendant's trial because, the State argued, it had uncovered new evidence that,

since the June 2015 modification, defendant had repeatedly spoken with his wife about the pending case. The State simultaneously filed an emergency motion to modify defendant's conditions of release to again prohibit him from contacting his wife. On the record, the State made the following representations to the court: "I spoke to the jail and advised them that [defendant] was continuing to use his account to violate conditions of release and commit crimes. They blocked [his wife's] number. He then phoned her daughter and messages were relayed to her, again." Defendant did not dispute that representation.

At the close of the July 7, 2016, hearing, the court granted the State's motion for a continuance, in which defendant joined, and issued an order granting the State's emergency motion to amend defendant's conditions. Specifically, the court found that "Defendant has engage[d] in an ongoing effort to contact and influence the complainant" and that he had attempted, "as recently as July 4th, only 3 days before trial, to contact and influence the complainant." Thus, the court imposed the following amended conditions, pursuant to 13 V.S.A. § 7554(a)(3):

> COND #14: You must not have contact with [the complainant], which includes in person, in writing, by telephone, by email, or through a third person regardless of whether you are in jail or released. COND#31: Effective immediately George Woods' telephone, J-Pay, and mail privileges are suspended in their entirety (this order does not in any way effect [sic] Mr. Woods' attorney contact priveleges [sic]).

On appeal, defendant argues that the court abused its discretion by imposing the amended conditions because, he claims, there was insufficient information in the record to support the modification.

We will affirm an order for conditions of release if the order is "supported by the proceedings below." 13 V.S.A. § 7556(c); see also State v. Sparks, No. 2015-101, 2015 WL 2165961, at *1 (Vt. April 2015), https://www.vermontjudiciary.org/UPEO2011Present/eo14-176.bail.pdf. The trial court has broad discretion when imposing no-contact conditions under 7554(a)(3), which provides that a "judicial officer may order that a defendant not . . . contact . . . [a] potential witness." 13 V.S.A. § 7554(a)(3); see also State v. Muldowney, No. 2013-138, 2013 WL 2631206, at *2 (Vt. April 2013), https://www.vermontjudiciary.org/UPEO2011Present/eo13-138.bail.pdf. Orders issued under § 7554(a)(3) are not subject to the "least restrictive" condition requirement that exists for orders under § 7554(a)(2), "nor must [the court] find extraordinary circumstances to impose a condition restricting contact; it may simply order that no contact occur." State v. Cushing, 2015 VT 114, ¶ 11 (footnote omitted). Thus, the decision to impose a § 7554(a)(3) no-contact condition is within the discretion of the trial court, subject only to the limitation that the court must not impose conditions that are more restrictive than reasonably necessary to protect a complaining witness or prevent witness tampering. See id.; see also State v. Johnson, No. 2011-324, 2011 WL 4977627, at *1 (Vt. Sept. 21, 2011) (citing United States v. Myers, 426 F.3d 117, 125-26 (2d Cir. 2005)), https://www.vermontjudiciary.org/UPEO2011Present/eo11-324.pdf (discussing First Amendment implications of conditions of release).

2

Here, the decision to impose the no-contact condition was supported by the proceedings below, and specifically, by the unchallenged representations made by the prosecutor, on the record, that defendant had violated the existing contact condition. Although the information in the record was sparse, no-contact conditions under 7554(a)(3) require only that a trial court exercise sound discretion, based on the information in the record. See Cushing, 2015 VT 114, ¶ 11. The prosecutor's unchallenged representation to the court that defendant violated the existing contact condition of release by discussing the case with the complainant was sufficient for the court to find that it was reasonably necessary to modify the condition. See Johnson, No. 2011-324, 2011 WL 4977627, at *1. Thus, the modification was supported by the proceedings below.

Affirmed.

FOR THE COURT:

_____

Harold E. Eaton, Jr. , Associate Justice