## ENTRY ORDER

2021 VT 96

SUPREME COURT DOCKET NO. 21-AP-287

DECEMBER TERM, 2021

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Washington Unit, |
| | } | Criminal Division |
| | } | |
| James Rivera-Martinez | } | CASE NO. 21-CR-08950 |

Trial Judge: Kevin W. Griffin

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant appeals the trial court's December 6, 2021, order denying bail pursuant to 13 V.S.A. § 7553.  We affirm.

¶ 2.     On October 19, 2021, the State charged defendant with sexual assault without consent in violation of 13 V.S.A. § 3252(a)(1), which is punishable by life imprisonment, and lewd and lascivious conduct in violation of 13 V.S.A. § 2601.  Defendant was arraigned the same day and pled not guilty to the charges.  The State moved to hold defendant without bail under 13 V.S.A. § 7553, which the trial court granted pending a weight-of-the-evidence hearing.  On October 21, the State added a charge of attempted sexual assault without consent in violation of 13 V.S.A. § 3252(a)(1) and 13 V.S.A. § 9, which is also punishable by life imprisonment.  Defendant entered a plea of not guilty to the new charge and appeared in person for the weight-of-the-evidence hearing on October 25.

¶ 3.     The evidence presented at the hearing included the following.  On October 18, 2021, defendant spent the night at complainant's residence.  Defendant and complainant had recently divorced but were working on a co-parenting arrangement in which defendant would periodically spend the night at complainant's residence to assist in the care of their young child. That night, complainant went to sleep in her own room and defendant went to sleep on the couch. Later, complainant awoke with defendant in her bed.  Defendant had placed his hand in her underwear and his finger on her genitals.  Complainant told defendant to stop and moved his hand away.

¶ 4.     Defendant remained in the residence until the morning, at which time he apologized for his behavior.  Complainant told defendant to leave and reported the incident to Barre City police later that day.  Complainant stated to investigating officers that she did not consent to sexual contact with defendant at any time on October 18, 2021, and had not had a sexual relationship with him since February 2020.

¶ 5.     At the weight-of-the-evidence hearing, the State argued that complainant's statements to law enforcement following the incident were substantial evidence that defendant's finger had penetrated her external genitalia and that this satisfied the sexual act element as defined

in the statute. The State maintained that complainant's statements following the incident indicated that she had not consented to the sexual act. The State argued that defendant had also attempted a sexual assault without consent because, by having his hand in complainant's underwear, defendant had committed, at least, "an act toward the commission" of the crime without complainant's consent. As to whether to hold defendant without bail, the State presented evidence that defendant had a recent history of probation and protective-order violations, all involving complainant, and that defendant's parents could not control his behavior. Therefore, because the evidence of defendant's guilt was great regarding charges punishable by life imprisonment, and defendant was a danger to complainant, the State urged the court to grant its motion.

¶ 6. Defendant countered that according to complainant, his finger did not penetrate her vagina, but instead only "got to the entrance of [her vagina]." This, defendant maintained, did not constitute a sexual act as defined by 13 V.S.A. § 3251(1), and therefore the State could not show any evidence that defendant committed an essential element of sexual assault. Defendant conceded that while there was no verbal consent to put his hand in complainant's underwear, complainant's physical movements after he got in her bed, which he described as "grinding," meant that defendant did not "know and should not [have] reasonably know[n]" that complainant did not consent. Defendant asserted that once complainant told him "no" and removed his hand, he made no further attempt to engage in a sexual act. He argued that his deep ties to the community did not make him a flight risk, and that none of the recent violations of court orders made him a danger to complainant. Therefore, he argued, the court should set bail and conditions of release accordingly.

¶ 7. On December 6, the trial court issued an order granting the State's motion to hold defendant without bail under 13 V.S.A. § 7553. The court concluded that the State had met its burden by presenting substantial evidence as to each element of the sexual assault charges. After finding the evidence of defendant's guilt great on both charges, the court concluded that while defendant did not present a flight risk, his history of violating court orders with respect to complainant created an unacceptable risk to complainant should the court set bail and conditions of release. The court was also concerned with defendant's proposal to live with his parents, because both parents were often out of the home for work and would be unable to ensure he complied with his conditions of release.

¶ 8. On appeal, defendant argues that the State did not meet its burden to put on substantial, admissible evidence as to each element of sexual assault without consent and attempted sexual assault without consent, and that the trial court abused its discretion in holding him without bail after it determined the evidence of his guilt is great.

¶ 9. A trial court may hold a defendant without bail under 13 V.S.A. § 7553 when a "defendant is charged with a crime punishable by life imprisonment and the evidence of guilt is great." State v. Shores, 2017 VT 37, ¶ 16, 204 Vt. 630, 168 A.3d 471 (mem.). A presumption arises in favor of incarceration and against release if the State meets these requirements. State v. Ford, 2015 VT 127, ¶ 10, 200 Vt. 650, 130 A.3d 862 (mem.). To determine whether the evidence of guilt is great, the trial court applies the standard of proof in Vermont Rule of Criminal Procedure 12(d). State v. Baker, 2015 VT 62, ¶ 2, 199 Vt. 639, 116 A.3d 1192 (mem.). This standard requires the trial court to consider whether "substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt." State v. Avgoustov, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.). After the defendant has had the opportunity to be heard, the trial court has "extremely broad" discretion in determining whether to hold the defendant without bail

until trial. Baker, 2015 VT 62, ¶ 2. Though "our review under § 7553 is strictly limited," id. (quotation omitted), the trial court "must articulate some legitimate government interest in detaining [the] defendant so this Court can be assured that [the] defendant is not being arbitrarily detained." State v. Collins, 2017 VT 85, ¶ 17, 205 Vt. 632, 177 A.3d 528 (mem.) (quotation omitted). The trial court may consider the factors in 13 V.S.A. § 7554 to exercise its discretion in determining whether to hold a defendant without bail. Id.

¶ 10. We begin with defendant's argument that the State has not met its burden with respect to attempted sexual assault without consent because he could not have reasonably known complainant did not consent to sexual activity.

¶ 11. Defendant concedes that putting his hand in complaint's underwear and his finger on her genitals were acts toward committing the crime of sexual assault without consent. 13 V.S.A. § 9(a) (providing that doing "an act toward the commission" of crime is one requirement to prove attempt). Thus, the question becomes whether complainant consented to the act. Defendant asserts that complainant's "grinding" was tantamount to consent because he could not have reasonably known that consent was absent when he put his hand in her underwear and his finger over her genitals.

¶ 12. The trial court's conclusion that complainant did not consent to the act performed by defendant is supported by the record. The court found that complainant woke up to defendant digitally penetrating her vulva, and that this characterization of the attempted assault was "corroborated by text messages" sent between defendant and complainant the following day. Complainant stated to law enforcement that "before [defendant] was able to put his finger all the way in [my vagina] . . . I woke up, I was wide awake at that point, and I pulled [his hand] out of my pants and everything and told him no." Complainant maintained that she and defendant had not had a sexual relationship for more than eighteen months prior to the October 18 incident.

¶ 13. The Legislature has recently revised the definition of consent in the sexual assault statute. See 2021, No. 69, § 1. The new language provides that consent "means the affirmative, unambiguous, and voluntary agreement to engage in a sexual act, which can be revoked at any time." 13 V.S.A. § 3251(3). But defendant argues that this is not the standard by which the trial court should analyze consent. Defendant argues that the court should have used the reasonable person standard the Legislature provided in a different part of the statute. Under 13 V.S.A. § 3252(a)(4), a sexual assault occurs when a person engages in a sexual act with another person and "the person knows or reasonably should know that the other person is asleep . . . ." However, the State has charged defendant with an attempted violation of § 3252(a)(1), sexual assault without the consent of the other person, not an attempted assault of a person who is "asleep, unconscious, or otherwise unaware" under § 3252(a)(4). Defendant's position would require a determination focused on whether he could have reasonably known complainant consented, not whether complainant had made an "affirmative, unambiguous, and voluntary agreement to engage in a sexual act." Id. § 3251(3). This is incorrect. The revised consent definition applies here. The trial court therefore correctly considered the evidence in the light most favorable to the State, excluding any modifying evidence, and concluded that complainant never exhibited an "affirmative, unambiguous, and voluntary agreement" to having defendant's hand in her underwear.

¶ 14. Because we affirm the trial court's decision that the weight of the evidence of defendant's guilt is great with respect to attempted sexual assault without consent, we need not and do not, reach defendant's argument that the trial court erred in concluding the evidence of guilt

3

is great on the charge of sexual assault without consent. The attempted sexual assault charge alone allows for a hold without bail under § 7553.

¶ 15. Finally, defendant argues that even if the court correctly found that the evidence of his guilt is great, the trial court abused its discretion by concluding that he presents a danger to complainant and ordering him held without bail. Defendant argues that the trial court abused its discretion because it did not engage in an analysis of the factors provided in 13 V.S.A. § 7554(b), the statute governing considerations courts use in imposing conditions of release. Defendant also takes issue with the court's conclusion that he presents a danger to complainant.

¶ 16. We require that trial courts "articulate some legitimate government interest in detaining [the] defendant so this Court can be assured that [the] defendant is not being arbitrarily detained." Collins, 2017 VT 85, ¶ 17 (quotation omitted). In exercising this discretion under § 7553, trial courts "may look to the factors listed in § 7554, including the weight of the evidence against the accused, the seriousness of the charge, the defendant's family ties, his record of convictions, and the defendant's recent history of violent threats." Id. (quotation omitted). "[W]e have never required that the court recite each of those factors in the exercise of its broad discretion to release a defendant to whom no presumption in favor of release applies." State v. Blodgett, 2021 VT 47, ¶ 27, __Vt.__, 257 A.3d 232 (mem.). Nevertheless, we have said that listing § 7554(b) factors is "best practice." State v. Auclair, 2020 VT 26, ¶ 21, 211 Vt. 651, 229 A.3d 1019 (mem.).

¶ 17. The trial court did not abuse its discretion. The trial court first articulated that its discretion, though "extremely broad," was not unlimited. The court correctly quoted this Court for the proposition that the discretion to hold defendant without bail was "not arbitrary as long as it reasonably serves the interests of mitigating the risks of flight and danger to the public." Shores, 2017 VT 37, ¶ 22. While the court never explicitly announced that it was looking to the § 7554 factors, it considered them in its analysis. The court looked at the evidence of defendant's family ties before concluding that he did not pose a risk of flight. The court noted defendant's "established history of violating abuse prevention orders and court-ordered conditions of release." The court also found that "the current charges are serious" and that no conditions of release could mitigate the risk of danger to complainant because defendant's history of protective-order violations indicated an unwillingness to abide by restrictive court orders. Considering the above factors, the court concluded it would order defendant held without bail. Accordingly, the trial court's exercise of discretion falls well within the bounds of our "strictly limited" standard of review. Baker, 2015 VT 62, ¶ 2 (quotation omitted).

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr. Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

4