# ENTRY ORDER

2022 VT 14

SUPREME COURT DOCKET NO. 22-AP-069

MARCH TERM, 2020

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| | } | |
| Joshua Gundrum | } | Case No. 797-8-18 Bncr |
| | } | |
| | | Trial Judge: John W. Valente |

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant Joshua Gundrum appeals an order granting the State's motion to hold him without bail pending a trial.  We affirm.

¶ 2.     In August 2018 defendant was charged with sexual assault under 13 V.S.A. § 3252(a)(1), a crime punishable by life imprisonment.  Defendant was originally released on conditions that included a 24/7 curfew at his mother's residence in Bennington, no contact with the alleged victim, and no contact with minors under the age of sixteen other than his family members.

¶ 3.     In September 2020 defendant moved with his mother to Hoosick Falls, New York. Defendant's release conditions were modified to accommodate the move.  Thereafter, defendant left his mother's house in Hoosick Falls and returned to Bennington without notifying the court. Consequently, in August 2021, defendant was charged with 109 violations of his curfew condition for the period between May 11, 2021, and August 19, 2021.

¶ 4.     At arraignment on the curfew violation charges, the court modified defendant's release conditions so that he could live with his grandmother in New York.  This arrangement did not last long, and in late September 2021 his curfew location was amended to a third New York address.  On November 12, 2021, defendant was charged with two additional curfew violations allegedly occurring on October 29 and October 30, 2021.  By December 1, 2021, defendant was back in Bennington where he faced an additional curfew violation charge.  He failed to appear for a status conference on December 2, 2021, which resulted in the issuance of an arrest warrant and a hold-without-bail order upon motion of the State.  At the time of his arrest, he was living in a homeless shelter in Bennington.

¶ 5.     The trial court held a weight-of-the-evidence hearing on February 28, 2022. Defendant stipulated for the purposes of the hearing that the weight of the evidence against him is

great.  Defendant's mother appeared and testified that she was willing to have defendant return to live with her and his two minor brothers in New York.  She testified that she could provide twenty-four-hour surveillance by requiring defendant to check in via webcam every thirty minutes while she was at work.  She also proposed several additional conditions that she would require defendant to meet if the court released him into her custody.  Defense counsel asked mother multiple questions relating to defendant's mental health and suggested to the court that releasing defendant was essentially a mental-health issue.  The State disagreed.  It noted that mother had already removed defendant from her residence while not notifying the court of defendant's change in circumstances.  The State suggested that defendant's inability to remain under curfew supervision with his grandmother and later at a third residence meant that defendant could not be trusted to follow his conditions of release.

¶ 6.    The trial court granted the State's motion.  The court announced that "all of the factors in 13 V.S.A. § 7554 have been considered."  It then analyzed its factual findings in light of the factors.  For example, the court weighed defendant's and mother's failure to notify the court or law enforcement of changed circumstances in defendant's living conditions, the seriousness of the underlying charge, defendant's limited criminal history, mother's additional proposed conditions, the location of the proposed curfew residence, and mother's representation that she would monitor defendant twenty-four hours a day and timely report any curfew violations.  Ultimately, the court concluded that certain § 7554 factors were determinative and established that defendant posed a risk of flight given the history of not reporting curfew violations and a safety risk owing to the seriousness of the charge.  The court did not make specific mention of defendant's mental condition.  Defendant appealed.

¶ 7.    Defendant argues that the trial court was required to address his mental-health issues because the weight-of-the-evidence hearing focused on those matters.  He contends that the trial court abused its discretion by announcing that it had discussed the factor relating to defendant's character and mental condition, without providing sufficient detail showing it had actually considered that factor.  In effect, he suggests that if a defendant's argument to be released under § 7553 is based on a mental-health status, and if the court announces that it has considered the factor relating to the defendant's character and mental condition, it must provide some indicia that it has in fact considered the factor.

¶ 8.    "The Vermont Constitution and its implementing statutes presume that bail shall be granted except that a 'person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail.' "  State v. Henault, 2017 VT 19, ¶ 3, 204 Vt. 628, 167 A.3d 892 (mem.) (quoting 13 V.S.A. § 7553).  A presumption arises against release when the evidence of guilt is great.  State v. Auclair, 2020 VT 26, ¶ 3, 211 Vt. 651, 229 A.3d 1019 (mem.).  "The trial court must then exercise its discretion in determining whether or not to impose bail and conditions of release."  Id. (quotation omitted).  This discretion is "extremely broad," and accordingly our review of § 7553 determinations is "strictly limited."  State v. Baker, 2015 VT 62, ¶ 2, 199 Vt. 639, 116 A.3d 1192 (mem.) (quotation omitted).  We require trial courts to "articulate some legitimate government interest in detaining [the] defendant so this Court can be assured that [the] defendant is not being arbitrarily detained."  State v. Collins, 2017 VT 85, ¶ 17, 205 Vt. 632, 177 A.3d 528 (mem.) (quotation omitted).  Courts may consider the release factors in 13 V.S.A. § 7554 to articulate this interest, but they are not required to do so.  State v. Ford, 2015 VT 127, ¶ 10, 200 Vt. 650, 130 A.3d 862 (mem.).  Nor are they required to consider all the factors.  State

v. Blodgett, 2021 VT 47, ¶ 27, __ Vt.__, 257 A.3d 232 (mem.) ("[W]e have never required that the court recite each of [the § 7554] factors in the exercise of its broad discretion to release a defendant to whom no presumption in favor of release applies."). Section 7754(b) lists nine factors in total:

> the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, record of convictions, and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

Henault, 2017 VT 19, ¶ 4 (citing 13 V.S.A. § 7554(b)(1)-(2)).

¶ 9. After analyzing each factor, the trial court found some determinative, including "the seriousness and nature of the crime; the potential life imprisonment; the fact the proposed custodian did not notify law enforcement of defendant's prior exit from her curfew residence; and the effect of the geographic location of the proposed residence." The court did not find that defendant's character or mental condition was a determinative factor. Defendant suggests this was an abuse of discretion. We disagree.

¶ 10. Defendant's argument misses the point because "§ 7554(b) is not specifically applicable to a trial court's conclusion of whether bail should be authorized when a defendant is presumed not to be bailable." Id. ¶ 8. When a trial court elects to use the § 7554(b) factors, "strict application of each factor's narrowest definition is not required." Id. Instead, a court has only abused its discretion in this context when it has "failed to exercise its discretion, or exercised it for reasons clearly untenable, or to an extent clearly unreasonable." State v. Cushing, 2015 VT 114, ¶ 3, 200 Vt. 646, 128 A.3d 896 (mem.). The trial court's conclusion that certain § 7554(b) factors were determinative while others were not is neither untenable nor unreasonable. Defendant is charged with a crime involving a minor that carries a possibility of life imprisonment. Defendant's proposed custodian did not notify the court or law enforcement when defendant previously left her residence. The proposed residence is in a different state which, together with two other attempts at other locations in the same state, has not worked as a viable curfew location. A conclusion based on these findings in the context of the § 7554(b) factors the court found determinative falls well within the court's discretion to "articulate some legitimate government interest in detaining" defendant. Collins, 2017 VT 85, ¶ 17 (quotation omitted).

¶ 11. Moreover, the record does not support a finding that defendant suffers from a current mental-health condition, much less a conclusion that such a condition is related to potential conditions of release or to his appearance at future court proceedings. There is nothing in the record indicating defendant's diagnosis if any, the relationship between a diagnosis and defendant's previous inability to abide by release conditions, details of medication prescriptions, or his current mental-health status. Rather, defendant says he was committed to a mental-health unit in a New York hospital in September 2021 and refers us to his mother's testimony that she works at a pharmacy and could "assist and ensure" that defendant's prescriptions were filled, and that she is generally aware that he is more compliant when he takes his mediation. At oral argument, defense counsel also noted that a hearing is scheduled on a motion for competency

evaluation. These disparate indications of potential mental-health issues are a far cry from establishing that defendant suffers from a mental-health issue and that this is related to his fitness for pre-trial release where he is presumed not to be bailable. Furthermore, he can produce no compelling argument why his one-week stay in a mental-health facility would have made a difference in the trial court's conclusion, if the court had made findings about that incident, given that the court was not required to consider any § 7554(b) factor at all. In fact, the court did find that defendant was "focused and compliant" when he took his medication, and "a different person" when he was not compliant with his medication regime. That the trial court did not analyze this finding in the context of the § 7554(b) factors is not an abuse of discretion. See Blodgett, 2021 VT 47, ¶ 27 (affirming § 7553 order where court was not "explicit in connecting its findings" to § 7554(b) factors).

¶ 12. In sum, the trial court considered each of the § 7554(b) factors, and clearly analyzed in more detail those it found determinative. Auclair, 2020 VT 26, ¶ 21 (explaining that trial court's express reliance on two § 7554(b) factors, and not others, was not abuse of discretion); State v. Orost, 2017 VT 110, ¶ 11, 206 Vt. 657, 179 A.3d 763 (mem.) ("[Trial court's] discussion of the multiple significant factors that were central to its analysis was sufficient" to affirm court's decision). In so doing, the court adequately articulated a legitimate government interest in holding defendant in pretrial detention. Our precedents do not require more.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

4