**STATE of Vermont v. Shawn Allen ELY**
**(Wanda Allard, Appellant)**

[724 A.2d 443]

No. 98-451

Present: Dooley, J.

October 9, 1998. Appellant Wanda Allard, a material witness in this criminal proceeding, is presently incarcerated due to her inability to post the $50,000 cash bail set by the district court to secure her appearance at trial. She invokes 13 V.S.A. § 7556(b) to seek review of the district court's bail determination. I conclude that this matter is not within the single-justice jurisdiction established by § 7556.

By its terms, § 7556(b) applies to "a person [who] is detained after a court denies a motion under subsection (a) of this section* or when conditions of re-

---

* Subsection (a) authorizes the court with original jurisdiction over the matter to amend the bail determination in the first instance, on motion of a defendant, to modify such a determination when made by a judge of another court other than the Supreme Court. 13 V.S.A. § 7556(a). This is obviously not an appeal of a subsection (a) bail determination because appellant is a witness and not a defendant and

lease have been imposed or amended by the judge of the court having original jurisdiction over the offense charged." This plainly contemplates appeals to a single justice of this Court only of determinations under 13 V.S.A. § 7554, which applies exclusively to "[a]ny person charged with an offense" that is not covered by the more restrictive provisions in 13 V.S.A. §§ 7553 and 7553a (relating to felonies punishable by life imprisonment or involving violence against another person). In contrast, the statute authorizing the detention at issue in this proceeding appears not in chapter 229 of Title 13, covering bail, but in chapter 203 of Title 13, containing exclusively provisions relating to witnesses in criminal proceedings. See 13 V.S.A. § 6605 (when witness "refuses to enter into . . . recognizance with surety" specified by court, "he may be committed to jail . . . on a warrant of the court or magistrate making the order, and there detained until such time as his attendance to testify is required.").

In her written memorandum, appellant concedes that § 7556 does not explicitly authorize appeals relating to the detention of witnesses as opposed to defendants, but she contends that a failure to exercise single-justice jurisdiction in this case would lead to absurd or irrational results in contravention of the oft-stated maxim against so construing legislative enactments. See *Braun v. Board of Dental Examiners*, 167 Vt. 110, 117, 702 A.2d 124, 128 (1997). The single-justice jurisdiction authorized by § 7556(b) operates in derogation of the rule codified at 4 V.S.A. § 2 that the Supreme Court as a whole has "exclusive jurisdiction" of all appeals from judgments, rulings and orders of the state's trial courts "unless otherwise provided by law." Even assuming it is absurd or irrational to permit single-justice bail appeals relating to de-

___
because she was detained directly by the court with original jurisdiction.

fendants but not to material witnesses, when the legislature creates an exception to a statutory scheme, "no other exceptions will be implied, in the absence of evidence of a contrary legislative intent." *Vermont Development Credit Corp. v. Kitchel*, 149 Vt. 421, 424-25, 544 A.2d 1165, 1167 (1988) (citation omitted).

I believe, however, that appellant is entitled to some recourse against an illegal bail order. Because the order was issued by a judge who is sitting in both district and superior court, I doubt that exhaustion of a remedy in superior court would be appropriate. Accordingly, I conclude that the bail order is reviewable by the full Court under V.R.A.P. 21(b) and refer it for full-Court review under that rule. Should the full Court determine that I am in error and that single-justice review is possible, I refer the merits to the "entire supreme court for hearing" pursuant to 13 V.S.A. § 7556(b).

*Single justice review denied. The challenge to appellant's bail is referred to the full Court for consideration under V.R.A.P. 21(b) or, alternatively, pursuant to 13 V.S.A. § 7556(b).*