# ENTRY ORDER

2020 VT 62

SUPREME COURT DOCKET NO. 2020-179

JULY TERM, 2020

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| | } | |
| Stephen White | } | DOCKET NO. 310-5-20 Rdcr |

Trial Judge: David R. Fenster

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant appeals the trial court's denial of his motion to review its hold without bail order pursuant to 13 V.S.A. § 7553a and to release him on conditions in light of his imminent release from pretrial detention due to the sixty-day hold limit under 13 V.S.A. § 7553b, and his father's burial service five days before the sixty-day period ends. We hold that the trial court had discretion to entertain his motion, and therefore remand.

¶ 2.     The procedural posture of his case is as follows. Defendant was arrested and arraigned on several charges on May 11, 2020. The trial court held a weight-of-the-evidence hearing on May 18, 2020, and ordered defendant held without bail under 13 V.S.A. § 7553a. Pursuant to that statute, the court found from the bench that the evidence of guilt was great as to defendant's charge of first-degree aggravated domestic assault, that defendant posed "a substantial risk of violence" to the complainant, and that there were "no conditions or accommodations of conditions that can be reasonably expected to prevent the physical violence." Defendant did not appeal the court's findings at the time, and he does not challenge them on appeal now. Because defendant was held under § 7553a, the court's order was subject to the 60-day speedy-trial provision in 13 V.S.A. § 7553b ("If the trial is not commenced within 60 days and the delay is not attributable to the defense, the court shall immediately schedule a bail hearing and shall set bail for the person.").

¶ 3.     On June 29, defendant filed a "Motion for Bail Review" asking the trial court to set bail and conditions of release prior to July 13, 2020. Defendant argued that there was no dispute that he would be subject to release on or before July 18, 2020. He argued that there was good cause to hold a hearing to set bail and conditions of release before July 13, 2020, because his father's burial service is scheduled for that date and because review was inevitable under 13 V.S.A. § 7553b.

¶ 4.     The trial court held a hearing on the motion on July 2, 2020.  The court stated, "it's not lost at all on the court the significance of the event that is scheduled," but that it did not believe it had discretion to grant the motion under this Court's decision in State v. Lohr, 2020 VT 41, ¶ 14, __ Vt. __, __ A.3d __.  The court pointed to our reasoning that if the factors under § 7553a are found to be present, "there is a manifest need for incarceration" and an analysis under § 7554 is unnecessary.  It summarized its understanding by stating: "In other words, once, the State meets its burden, the Court doesn't have discretion about whether or not to release the defendant."

¶ 5.     Defendant appeals the court's denial of the motion based on this determination.  On appeal, defendant argues that the trial court did have discretion to review and terminate the hold-without-bail order, and to set conditions of release before the expiration of the sixty-day period, and should have done so under these circumstances.  The State argues that although trial courts do have discretion to review hold-without-bail orders issued under § 7553a, defendant has not alleged a sufficient basis to trigger a review.[1]

¶ 6.     We first hold as a preliminary matter that this appeal properly falls under 13 V.S.A. § 7556(e).  We then hold that the trial court does have some discretion to consider other factors in determining whether to hold a defendant without bail under § 7553a and that the trial court did have the discretion to entertain defendant's motion.  We therefore remand to the trial court to decide whether to exercise its discretion in this case.

¶ 7.     As a threshold issue, we must determine what bail appeal process is appropriate for this appeal.  Generally, a decision to hold a defendant without bail under § 7553a is first appealed to "an independent, second evidentiary hearing on the merits of the denial of bail, which shall be a hearing de novo by a single Justice of the Supreme Court."  13 V.S.A. § 7556(d).  The person held without bail is then "entitled to review of that determination by a panel of three Supreme Court Justices."  Id. § 7556(e).  A defendant generally cannot forego review by a single justice under subsection (d) before appealing to a three-justice panel.  See State v. Hawkins, No. 98-288 (Vt. July 14, 1998) (holding that defendant may not waive review by single justice and elect to be heard by three-justice panel).

¶ 8.     We hold that this appeal may be reviewed by a three-justice panel under 13 V.S.A. § 7556(e).  We base this conclusion on the specific posture of this case.  In the face of an established, unappealed, and unchallenged hold-without-bail order, defendant sought reconsideration and termination of the hold-without-bail order based on new evidence and new considerations.  The trial court concluded as a matter of law, without taking evidence or exercising any discretion, that it lacked the legal authority to entertain defendant's motion.  That purely legal question is the subject of this appeal.[2]  Additionally, subsection (e) demonstrates the Legislature's intent that "[a] person held without bail prior to trial shall be entitled to review of that determination," and does not contain any limits on its face as to whether defendant must appeal

---

[1] The State initially filed a motion opposing the appeal for lack of jurisdiction.  However, it conceded during oral argument that this Court has jurisdiction, while recognizing that it is unclear which provision of 13 V.S.A. § 7556 applies to this bail appeal.

[2] Both parties confirmed at oral argument that they had no additional evidence to present and stipulated to the facts as contained in the record.

the initial determination or may appeal a denial of a motion to terminate that order as defendant did here.  Compare 13 V.S.A. § 7556(e) with State v. Ely, , 168 Vt. 614, 615, 724 A.2d 443, 443 (1998) (noting that § 7556(b) "plainly contemplates appeals to a single justice of this Court only of determinations under 13 V.S.A. § 7554" (emphasis added)).  We therefore hold that in this situation, where the merits of the initial hold-without-bail determination are not disputed, the trial court rejects a motion to modify or terminate that order on purely legal grounds, without taking evidence or exercising discretion, and the issue on appeal is a pure question of law relating to defendant's motion for review, we review the appeal pursuant to subsection (e).

¶ 9.     On the merits, the issue before the court is whether the trial court lacks discretion to review bail and set conditions of release prior to the end of the § 7553b sixty-day period.  We conclude that the court has discretion to do so.  We base this conclusion on two factors. First, contrary to the trial court's reading of our decision in Lohr, a trial court does have limited discretion to consider factors outside the statutory factors in deciding whether to hold a defendant without bail under § 7553a.  Second, given the proximity of defendant's release date and the State's agreement that defendant will be released on conditions without cash bail within five days of defendant's father's burial service, we conclude that the court could exercise that discretion in this case.  We therefore remand to the trial court to exercise its discretion.[3]

¶ 10.    Our decision in State v. Lohr, 2020 VT 41, is not as broad as the trial court suggested.  We held that, when a trial court concludes under § 7553a that a defendant poses a substantial threat of physical violence that no conditions will reasonably prevent, it does not need to engage in an additional risk-of-flight analysis under § 7554.  Lohr, 2020 VT 41, ¶ 14.  In so holding, we noted the "manifest need for incarceration" that arises as a result of these findings. But we did not hold that a trial court is limited to consideration of only those factors, or that consideration of other factors would necessarily exceed the trial court's discretion.  Given the findings of risk of harm required under § 7553a, a court's discretion to nonetheless release a defendant on bail or conditions may be narrow, but under the constitutional and statutory framework it is not nonexistent.

¶ 11.    The statutory and constitutional language supports our conclusion that a trial court has discretion to consider factors outside the statutory findings required by § 7553a.  Chapter II, § 40 of the Vermont Constitution states that a person accused of a felony who meets the risk-of-harm requirements "may be held without bail."  Vt. Const. ch. II, § 40 (emphasis added).  Similarly, the statute states that if the necessary findings are made, the person "may be held without bail." 13 V.S.A. § 7553a (emphasis added).  The Legislature, and the voters of Vermont, did not include mandatory language in these sections.

¶ 12.    For that reason, the trial court had discretion to grant defendant's motion to review the order holding him without bail.  See State v. Blow, 2015 VT 143, ¶ 12-13, 201 Vt. 633, 135 A.3d 672 (rejecting defendant's argument that court lacked discretion to hold evidentiary hearing and hold him without bail after releasing him on bail).  However, defendant has no right to such a review without presenting an adequate basis for review, and there are limits to the bases on which a court can conduct such a review.

---

[3] The trial court's decision would be subject to defendant's right to appeal under § 7556(d).

¶ 13.     In this case we cannot conclude as a matter of law that defendant presented an inadequate basis on which a court could review bail and conditions of release.  He wishes to be released in time for his father's burial service on July 13, a Monday, which is an extremely important event.   More importantly, there is no dispute that defendant will be released on conditions by July 18, at the end of the same week.  The State has acknowledged that defendant does not present a risk of flight warranting cash bail, and defendant and the State have agreed to conditions of release.  The proximity of defendant's family event to the end of his sixty-day period, and the State's agreement as to what will occur at that time, is a critical factor in our conclusion that defendant has set forth an adequate basis for the trial court to hear his motion.

¶ 14.     We decline defendant's invitation to order conditions of release ourselves.  We hold today that trial courts have discretion in whether to consider releasing a defendant under these circumstances, and although we are sympathetic to the urgency of defendant's request, we cannot conclude that the trial court was required as a matter of law to release defendant.  We remand to the trial court, leaving the trial court to exercise its discretion in the first instance.

Reversed and remanded for further proceedings.

BY THE COURT:

Beth Robinson, Associate Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

4