# ENTRY ORDER

2021 VT 68

SUPREME COURT DOCKET NO. 2021-163

AUGUST TERM, 2021

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windham Unit, |
| | } | Criminal Division |
| | } | |
| George Tarbell | } | DOCKET NO. 21-CR-00257 |

Trial Judge: John R. Treadwell

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant George Tarbell is charged with seven counts of first-degree aggravated domestic assault under 13 V.S.A. § 1043(a)(1)-(3), cocaine possession under 18 V.S.A. § 4231(a)(1), assault of a protected professional under 13 V.S.A. § 1028(b)(1), and simple assault of a protected professional under 13 V.S.A. §§ 1023(a)(1) and 1028(a)(1).  Previous felony convictions expose him to life imprisonment pursuant to 13 V.S.A. § 11.  The superior court ordered defendant held without bail under 13 V.S.A. § 7553 following a weight-of-the-evidence hearing.  Defendant now appeals the court's denial of his motion to reconsider that decision.  We affirm.

¶ 2.     The State introduced evidence at the weight-of-the-evidence hearing that defendant strangled complainant, punched her, knocked out one of her teeth, threatened her with a knife in his hand, and pushed her down a set of stairs.  The State marshalled further evidence that after he was arrested, defendant pulled a cable from the back seat of a police cruiser to dislodge a radar device from the dash and strike the driving police officer, and that he attempted to spit at the officer through the rear-seat divider.

¶ 3.     A defendant charged with an offense punishable by life imprisonment may be held without bail when the evidence of guilt is great.  13 V.S.A. § 7553.  "The evidence of guilt is great if substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt." State v. Book, 2021 VT 31, ¶ 3, __ Vt. __, 253 A.3d 893 (mem.) (quotation omitted).  If the court so concludes, a presumption against release arises and "the burden shifts to the defendant to persuade the court to exercise its discretion to set bail or conditions of release." State v. Auclair, 2020 VT 26, ¶ 16, 211 Vt. 651, 229 A.3d 1019 (mem.).  The court must exercise its discretion in determining whether to release the defendant and, in so doing, may consider the factors in 13 V.S.A. § 7554(b). State v. Blow, 2020 VT 106, ¶ 3, __ Vt. __, 251 A.3d 517 (mem.).

¶ 4.     In this case, the superior court concluded that the evidence of guilt was great with respect to two of the aggravated-domestic-assault charges.  It then examined several of the § 7554 factors and declined to release defendant.  In the latter analysis, the court considered that the weight

of the evidence on one of the charges of aggravated domestic assault was "substantial" and that defendant's criminal history includes convictions for failures to appear, violation of an abuse prevention order, aggravated domestic assault, and aggravated assault. The court also considered evidence of defendant's conduct in the police cruiser and evidence that defendant made violent threats against complainant. The court recognized that defendant has substantial ties to the community and limited financial resources, but it was ultimately not convinced that defendant would abide by conditions of release.

¶ 5. Three months later, defendant filed a motion styled "Motion to Modify Conditions of Release[,] Strike Hold Without Bail[,] and Appoint Custodial Adult." Defendant briefly requested that the court allow him to reside with his wife, who would serve as a custodial adult, impose a twenty-four-hour curfew, and allow access to substance-abuse treatment. The court held a motion hearing, the events of which are the subject of this appeal.

¶ 6. At the hearing, defense counsel argued that the State's case had changed because he had been unable to depose certain witnesses in the case. Counsel then proffered that defendant's wife, Ms. Jones, would move from Massachusetts to Vermont, look for a job here, and serve as a custodian for defendant. Counsel offered to "get Ms. Jones on the phone so we could have her testify." The court said, "all right," and sought the State's point of view.

¶ 7. The State argued that the defense's inability to depose certain witnesses at that time did not constitute changed circumstances and that such deposition testimony would, in any event, constitute modifying evidence, which is excluded from the weight-of-the-evidence analysis. The State further argued that, based on the court's discretionary bail analysis and defense counsel's proffer, Ms. Jones would not be able to protect the public from the risk defendant posed.

¶ 8. Defense counsel then acceded to the court's suggestion that deposition testimony would constitute modifying evidence but argued that the court should reconsider the § 7554 factors. Counsel proffered that a Rutland clinic was prepared to offer services to defendant for daily medication and substance-abuse counseling, and further offered to accept a twenty-four-hour curfew and any check-in requirements the court wished to impose. Counsel did not call Ms. Jones as a witness or introduce any other evidence, however. The court reiterated that modifying evidence is excluded from the § 7553 analysis, referenced the bases for its discretionary bail decision, and denied the motion to reconsider.

¶ 9. On appeal, defendant argues that the court abused its discretion in failing to consider his proffer of evidence as relevant to the § 7554 factors. He contends that he did not get his day in court on the motion to reconsider.

¶ 10. Once the superior court finds the elements of § 7553 satisfied, the court enjoys broad discretion in deciding whether to release a defendant on conditions. State v. Ford, 2015 VT 127, ¶ 10, 200 Vt. 650, 130 A.3d 862 (mem.). As long as the decision is not arbitrary, our review is "narrow and strictly confined to whether an abuse of discretion has occurred." State v. Boyer, 2021 VT 19, ¶ 12, __ Vt. __, 252 A.3d 804 (mem.).

¶ 11. Defendant maintains that this case falls under our holding in State v. Memoli, 2008 VT 85, 184 Vt. 564, 956 A.2d 575 (mem.). There, a defendant moved to reconsider his hold-without-bail order. The court held a hearing and the defendant offered to introduce his wife's testimony in support of his argument that he should be released on conditions. The court ruled that because the defendant would be held without bail under § 7553, "evidence concerning conditions of release was 'not relevant.' " Id. ¶ 4. We reversed because the court refused to

consider "any evidence" bearing on the decision to release the defendant on conditions, observing that even when the evidence of guilt is great, "the court must go on to exercise its discretion in deciding whether to hold the defendant without bail or to impose conditions of release." Id.

¶ 12.    Here, the court did not refuse to consider defendant's evidence—defense counsel did not call his witness or present any other evidence to the court. We reiterate that once the presumption against release arises, the burden is squarely on the defendant to persuade the court to release on conditions. See supra, ¶ 3. Although counsel initially offered to call his witness on the phone—and although the court said, "all right"—after the discussion turned to the inability to depose witnesses, defendant did not call the witness. After counsel proffered that a Rutland clinic was willing to offer services to defendant, counsel again did not call any witnesses to so testify or introduce documentary evidence to that effect. A party seeking a remedy before a court, especially one who bears the burden of proof, must be clear about what he is asking.

¶ 13.    In the hold-without-bail decision, the court considered several § 7554 factors, including the "substantial" weight of the evidence, defendant's pronounced criminal history, evidence of his conduct in the police cruiser, evidence of threats against complainant, and defendant's ties to the community and limited financial resources. We cannot conclude that the court abused its discretion in declining to release defendant or to alter its order in the face of the evidence presented at the hearing. See Blow, 2020 VT 106, ¶¶ 20-21 (observing that court is not required to consider every factor in § 7554 and finding no abuse of discretion where court exercised discretion and considered several factors); State v. Orost, 2017 VT 110, ¶ 11, 206 Vt. 657, 179 A.3d 763 (mem.) (affirming discretionary bail decision where court discussed "multiple significant factors that were central to its analysis").

¶ 14.    We note in closing that nothing said here should be construed to alter defendant's existing rights to seek a review of the hold-without-bail decision in the future, including a motion based on a proposed set of conditions supported by evidence that was not introduced at the reconsideration hearing.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
William D. Cohen, Associate Justice