VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-023



## ENTRY ORDER

JANUARY TERM,   2023

State of Vermont v. Brandon Bessette*      }      APPEALED FROM:
}      Superior Court, Chittenden Unit,
}      Criminal Division
}      CASE NO. 22-CR-11679
Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Defendant Brandon Bessette appeals the trial court's bail order holding him pretrial until he could gain admission to a residential alcohol-treatment facility. Because the proceedings below do not support the trial court's order, the order is reversed, and the matter remanded with instructions for the trial court to hold a hearing forthwith.

Defendant is charged with two counts of first-degree aggravated domestic assault in violation of 13 V.S.A. § 1043(a)(1) and § 1043(a)(2) respectively for an incident occurring on December 10, 2022. Defendant was arraigned on December 12, 2022, and the State sought to hold defendant without bail pursuant to 13 V.S.A. § 7553a. At arraignment, the trial court held defendant without bail but also placed a condition that defendant be admitted to residential treatment within the next thirty days and indicated that it would release him to such a treatment facility. On December 23, the trial court held a hearing on the State's § 7553a motion to hold defendant without bail. After receiving evidence and hearing argument, the trial court denied the State's request to hold defendant without bail, and although the court stated that it believed the evidence presented, it did not evaluate the weight of the evidence. The trial court ordered defendant held until he could be admitted to a residential treatment facility, at which time the trial court indicated it would appoint a responsible adult. The court set bail at $5000 cash or surety to be stayed once defendant entered a treatment facility. The court imposed several other conditions of release. Following the hearing, the trial court signed amended conditions of release imposing the conditions stated at the hearing.

On December 29, defendant moved for reconsideration and review of conditions of release, arguing that the trial court should amend its bail order to approve defendant's release to a responsible adult in combination with other substance-abuse-related conditions, or in the

alternative, asking the trial court to hold a hearing as soon as possible pursuant to § 7553a. On January 3, 2023, the trial court signed an order directing the clerk to schedule a hearing as soon as possible. On January 6, defendant renewed his motion and moved for the trial court to set the hearing according to 13 V.S.A. § 7554(d)(1), arguing that statute required the trial court to hold a hearing within forty-eight hours of his motion. The trial court initially set the hearing for January 30 but then moved it up to January 20.

Defendant appealed the trial court's bail decision on January 10, indicating it was an appeal from a hold-without-bail order pursuant to 13 V.S.A. § 7553a and thus the appeal was pursuant to 13 V.S.A. § 7556(d). This Court held a bail hearing on January 19.

It is important to first clarify the procedural posture of this appeal. Defendant is not being held without bail pursuant to § 7553a and is therefore not entitled to a de novo hearing under § 7556(d). Although the trial court stated that defendant would be "held" until his admission to residential treatment, it did not hold defendant without bail. The trial court explicitly stated that it was denying the State's motion to hold defendant without bail and did not make any of the requisite findings or conclusions to hold defendant under § 7553a. The trial court's signed order sets monetary bail at $5000 cash or surety and conditions of release, which defendant has not been able to meet due to his inability to gain admission to residential treatment, and defendant is being held for failure to meet these conditions.

Defendant argues that the trial court's order is tantamount to a hold-without-bail order pursuant to 13 V.S.A. § 7553a and therefore he is entitled to a de novo appeal pursuant to 13 V.S.A. § 7556(d). The statute does not support this contention. The statutory procedure for reviewing a hold-without-bail order pursuant to § 7553a is distinct from that for when a person is held for failure to meet conditions set pursuant to § 7554. A person held without bail pursuant to § 7553a is "entitled to an independent, second evidentiary hearing on the merits of the denial of bail, which shall be a hearing de novo by a single Justice of the Supreme Court forthwith." Id. § 7556(d); Vt. Const. ch. II, § 40.

The Legislature has set out a separate path for persons aggrieved by conditions of release imposed upon them, including conditions that result in pretrial detention. When conditions of release are imposed and a person is detained as a result of an inability to meet said conditions, that person is entitled to "have the conditions reviewed by a judge in the court having original jurisdiction over the offense charged" "within [forty-eight] hours following application." 13 V.S.A. § 7554(d)(1). The movant "shall be given the opportunity for a hearing" and the reviewing judge must either amend the conditions "as requested" or provide a "reasonable basis for continuing the conditions imposed" on the record. Id. Furthermore, for any conditions imposed under § 7554, the trial court "may at any time amend the order to impose additional or different conditions of release," subject to the requirements set out in § 7554(d). Id. § 7554(e). After review has occurred pursuant to § 7554(d) or (e), a person still detained "may move the court having original jurisdiction over the offense . . . to amend the order," and such motion to amend "shall be determined promptly." Id. § 7556(a). "When a person is detained after a court denies a motion under [§ 7556(a)] or when conditions of release have been imposed or amended by the judge of the court having original jurisdiction over the offense charged, an appeal may be taken to a single Justice of the Supreme Court . . . ." Id. § 7556(b). Review pursuant to

§ 7556(b) is based on the record, V.R.A.P. 9(a)(2), and the trial court's bail order is "affirmed if it is supported by the proceedings below." Id. § 7556(b).

To conclude under the circumstances presented here that any order setting conditions of release which a defendant cannot meet is tantamount to a § 7553a hold-without-bail order would render portions of § 7554 and § 7556 a nullity. It would also muddy the differences between a hold-without-bail order pursuant to § 7553 and pursuant to § 7553a, which require different findings and conclusions for their respective imposition and result in different procedures for review in this Court. Compare id. § 7556(d) (stating person held under § 7553a is entitled to single-justice, de novo evidentiary hearing), with id. § 7556(e) (stating person held without bail is entitled to review before three-justice panel); see also State v. White, 2020 VT 62, ¶ 7, 212 Vt. 658 (explaining that person held pursuant to § 7553a must appeal pursuant to § 7556(d) first and then if still held without bail pretrial may seek review under § 7556(e) whereas person held pursuant to § 7553 proceeds directly to review under § 7556(e)). This Court has also previously held that conditions of release are not necessarily improper merely because a defendant cannot meet them and is consequently detained pretrial. See State v. Duff, 151 Vt. 433, 436 (1989) (noting defendant "need not be capable of meeting bail in order for the amount to be supported by the record"). The trial court set conditions of release, putting defendant on a distinct statutory path to seek relief, and according to this path, defendant is entitled to review by a single Justice pursuant to § 7556(b).

Moving on to the merits, the parties agree that: the trial court never made the requisite findings or legal conclusions to hold defendant without bail pursuant to § 7553a; defendant's right to bail review within forty-eight hours of his application under § 7554(d)(1) was violated; and the proceedings below do not support the trial court's order setting conditions of release for several reasons.[*] Because the parties identify several reversible errors based on statutory requirements, this Court need not analyze each error individually nor must it reach any arguments defendant raises under the Vermont or U.S. Constitutions. See In re M.C., 2018 VT 139, ¶ 9, 209 Vt. 219 ("[C]ourts should not decide constitutional questions unnecessarily." (quotation omitted)). It is clear that the trial court did not conduct the appropriate analysis and make adequate findings under the statutes, which provide as follows.

The trial court may hold a person without bail under § 7553a when: (1) the defendant is charged with a felony offense; (2) an element of said offense "involves violence against another person"; (3) it finds by "clear and convincing evidence" that "the evidence of guilt is great"; (4) the defendant's release "poses a substantial threat of physical violence to any person"; and (5) "no condition or combination of conditions of release will reasonably prevent the physical violence." If the requirements of § 7553a have been met, "there is a manifest need for incarceration" and the court is not required to turn to § 7554. State v. Lohr, 2020 VT 41, ¶ 14, 212 Vt. 289. However, even when elements have been met, the court has narrow but not nonexistent discretion to nonetheless release defendant on conditions, including monetary bail. State v. White, 2020 VT 62, ¶ 10, 212 Vt. 658 (mem.). The trial court may preliminarily hold a

---

[*] Because the parties agree that the forty-eight-hour rule was violated, this Court does not interpret that provision in order to determine when and if it was violated in this case.

defendant without bail pending a weight-of-the-evidence hearing, and at the weight-of-the-evidence hearing, it must make the requisite findings on whether pretrial detention pursuant to § 7553a is permissible. State v. Downing, 2020 VT 101, ¶¶ 19-20, 213 Vt. 468.

Under 13 V.S.A. § 7554(a)(1), a defendant "shall be ordered released on personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer unless the judicial officer determines that such a release will not reasonably mitigate the risk of flight from prosecution." If the court determines that the defendant presents a risk of flight, it may impose "the least restrictive" condition or set of conditions to assure appearance. 13 V.S.A. § 7554(a)(1). The court may also impose conditions of release to reasonably protect the public. Id. § 7554(a)(2). When doing so, it must still impose "the least restrictive" condition or set of conditions "that will reasonably ensure protection of the public." Id. When determining the conditions of release to impose under § 7554(a)(1) and (2), the court "shall take into account" based on "available information" the factors set out in § 7554(b). See State v. Rougeau, 2019 VT 18, ¶ 13, 209 Vt. 535 (explaining that court "must" take into account § 7554(b) factors).

Having concluded that the trial court's order cannot stand, we now turn to the remedy. Defendant requests that this Court set new conditions of release and release him immediately while the State asks for a remand to the trial court so that it may conduct the proper analysis and take additional evidence as necessary before issuing a new bail order. The proper course for this case is the latter. As to conditions of release, the record is not sufficiently developed for this Court to conduct § 7554 analysis on appeal. For example, the trial court did not take evidence relating to a potential responsible adult or nonresidential treatment programs. Further, defendant does not cite any statute or case law indicating the proper remedy for failure to hold a hearing within forty-eight hours under § 7554(d)(1). Cf., e.g., State v. Wade, No. 2021-115, 2021 WL 2311957, *1 (Vt. June 1, 2021) (unpub. mem.) (concluding seven-and-a-half week delay between preliminary hold-without-bail order and weight-of-the-evidence hearing did not meet constitutional requirements and ordering trial court to hold hearing forthwith). Further, despite prior delays in the trial court, a bail hearing is scheduled below for January 20 at 1:00 p.m., the same day this order shall issue. This hearing provides an opportunity for both development of the record prior to setting conditions of release and potential relief for defendant at a time commensurate with what this Court could theoretically offer.

The trial court's order is reversed and remanded for the court to hold a hearing on defendant's motion forthwith in a manner consistent with this decision.

Reversed and remanded; mandate to issue forthwith.

FOR THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

4