# ENTRY ORDER

## 2023 VT 61

## SUPREME COURT CASE NO. 23-AP-364

## NOVEMBER TERM, 2023

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| | } | |
| Christopher Brown | } | CASE NO. 23-CR-07265 |
| | } | |
| | | Trial Judge: Kerry Ann McDonald-Cady |

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant Christopher Brown appeals a criminal division order denying his motion to modify a prior order holding him without bail under 13 V.S.A. § 7553. We affirm.

¶ 2.     In July 2023, defendant was charged with two felony counts of aggravated domestic assault under 13 V.S.A. § 1043(a)(1), (3), after he allegedly assaulted his minor nephew violently and without provocation. He was later arraigned and pleaded not guilty. Because defendant was subject to a habitual-offender enhancement, he faces a possible life sentence, and the State moved to hold him without bail under § 7553. Following a weight-of-the-evidence hearing, in August 2023, the criminal division concluded that the evidence of defendant's guilt was great. The court considered whether to release defendant under conditions. In evaluating this, the court looked to the factors in 13 V.S.A. § 7554(b). The court found that several factors weighed in favor of defendant's continued incarceration, including: the seriousness of the charges against defendant; the violent and unprovoked nature of the alleged offense and the weight of evidence against defendant; defendant's violent behavior while participating in risk-reduction programming; and defendant's record of failing to appear seven times and history of not abiding by court-imposed conditions. The court concluded that given these findings, there were no conditions that would adequately protect the public and mitigate the risk of flight from prosecution. The court therefore ordered him held without bail. Defendant did not appeal the court's order.

¶ 3.     In September 2023, defendant moved for review of bail, seeking a new hearing to provide testimony from his probation officer, who was not available for the first bail hearing. Defendant asserted that he was entitled to a review of bail under 13 V.S.A. § 7554(d). The court notified the parties ahead of the hearing that it intended to review the motion under Vermont Rule of Civil Procedure 60(b), and neither defendant nor the State objected. The court held a hearing on defendant's motion at which defendant's probation officer and defendant's father testified.[*] Defendant's probation officer testified that although defendant had generally been engaged with services and working during his probation, he had violated his probation by consuming alcohol and being cited for driving with a suspended license. The probation officer expressed concern for

---

[*] Because of a technical error, the October 23, 2023 hearing could not be transcribed. The parties stipulated both that a transcript was not necessary for this appeal and to the facts.

the violent conduct alleged in this case and stated that defendant needed alcohol counseling in a facility because counseling in the community was not successful. Defendant's father advised that defendant could live with him and that he would contact police if defendant violated his conditions of release. Based on this testimony, defendant requested that the court release him to his father's residence.

¶ 4.     In its order denying defendant's motion, the court noted that the Vermont Rules of Criminal Procedure do not provide a specific rule governing motions to reconsider but do provide a "catchall" provision for "[w]hen no procedure is specifically prescribed." V.R.Cr.P. 57. The court, therefore, used Vermont Rule of Civil Procedure 60(b) and its federal counterpart to guide its analysis of defendant's motion. The court assessed the new testimony and credited the statements of defendant's father and probation officer but found that the evidence still demonstrated that there were no conditions that could mitigate the risk of flight or protect the public, given defendant's violent behavior, history of violating conditions and failing to appear, and past failed attempts at treatment. The court therefore declined to release defendant under conditions and continued the hold-without-bail order. Defendant appeals.

¶ 5.     Pursuant to § 7553, a defendant may be held without bail pending trial when "charged with a crime punishable by life imprisonment and the evidence of guilt is great." State v. Rivera-Martinez, 2021 VT 96, ¶ 9, 216 Vt. 580, 273 A.3d 655 (mem.) (quotation omitted); see also Vt. Const. ch. II, § 40. If these requirements are met, "a presumption against release arises," which is defendant's burden to overcome. State v. Auclair, 2020 VT 26, ¶ 3, 211 Vt. 651, 229 A.3d 1019 (mem.). The court must then "exercise its discretion in determining whether or not to impose bail and conditions of release." Id. (quotation omitted). The court may look to the factors in 13 V.S.A. § 7554(b) as a guide. Id. When the court exercises this discretion, "the burden shifts to the defendant to persuade the court to . . . set bail or conditions of release." Id. ¶ 16. This Court's review of a criminal division order regarding denial of release is limited to whether the court abused this discretion. Id. ¶ 6.

¶ 6.     On appeal, defendant argues that the criminal division used the incorrect legal standard to evaluate whether he was entitled to bail review by referring to Civil Rule 60(b). Defendant asserts that he had a right to review of the hold-without-bail order under § 7554(d)(1), which provides for review of bail when conditions of release are imposed and "following a material change in circumstances." The State contends that this provision of the statute is not applicable to defendant, who was held without bail or conditions of release, and that review of bail is triggered by a substantial change of circumstances. Defendant has not demonstrated that this argument was preserved for appeal. Although defendant cited § 7554(d) in his initial motion, the record shows that when the criminal division indicated it would review the motion for bail review using Rule 60(b), defendant did not object. Because defendant did not make this argument in the criminal division, he has not adequately preserved it for appeal. See State v. Boyer, 2021 VT 19, ¶ 18, 214 Vt. 633, 252 A.3d 804 (mem.) (explaining that argument not preserved for appeal where not raised below).

¶ 7.     In any event, we need not delve too deeply into what the required standard is for obtaining bail review of a hold-without-bail order under § 7553 because the criminal division here provided defendant with a hearing and conducted a full analysis of defendant's request for review.

¶ 8.     Although the criminal division referenced Civil Rule 60, the court did not use this standard as a barrier to review of defendant's request. Instead, the court provided defendant a full opportunity for review of his bail. The court granted defendant a hearing and considered the testimony that defendant provided. The court then analyzed the additional evidence under the

appropriate standard. As set forth above, this Court's prior decisions are clear that once the trial court determines that the evidence of guilt is great in a hold-without-bail case under § 7553, it retains discretion to nonetheless release defendant and impose conditions of release. Contrary to defendant's assertion, the court may consider the factors in § 7554(b) in this analysis but is not required to do so. See Auclair, 2020 VT 26, ¶ 3 (explaining that trial court "may" look to § 7554(b) factors when deciding whether to release defendant under § 7553). The criminal division conducted this review and found that, although the new evidence provided by defendant's probation officer and father was credible, this did not overcome its analysis of other relevant considerations. This included that the charged conduct was violent and unprovoked, defendant was on probation for a violent felony and was actively engaging in services when he allegedly perpetrated the charged violent conduct, and defendant's prior conditions precluding alcohol use had not prevented him from using alcohol or engaging in violent behavior. Given these findings, the court determined that there were no conditions that would adequately protect the public and ensure defendant's appearance.

¶ 9.     We are not persuaded by defendant's assertions that the court was required to impose the least-restrictive conditions and to explain why it did not choose other options, such as monetary bail, and that the trial court improperly required him to show that he presented no risk of flight from prosecution or no risk to the public. Because defendant was held without bail pursuant to § 7553, it was defendant's burden to overcome the presumption of detention. Auclair, 2020 VT 26, ¶ 6. Moreover, the court did not have to explain why it rejected each possible condition. "The touchstones for evaluating the trial court's exercise of discretion under § 7554 are the State's interests in mitigating risk of flight and risk of danger to the public." State v. Shores, 2017 VT 37, ¶ 22, 204 Vt. 630, 168 A.3d 471 (mem.). When that evaluation takes place "in a § 7553 case, where the evidence of guilt is great, a trial court's decision to hold a defendant without bail is not arbitrary as long as it reasonably serves the interests of mitigating the risks of flight and danger to the public." Id. The court acted within its discretion in this case. See State v. Avgoustov, 2006 VT 90, ¶ 7, 180 Vt. 595, 907 A.2d 1185 (mem.); State v. Henault, 2017 VT 19, ¶¶ 5-9, 204 Vt. 628, 167 A.3d 892 (mem.).

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
Willam D. Cohen, Associate Justice

3