NOTICE: This entry order is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

## ENTRY ORDER

2025 VT 11

SUPREME COURT CASE NO. 25-AP-048

FEBRUARY TERM, 2025

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Criminal Division |
| | } | |
| | } | CASE NO. 24-CR-08894 |
| Aaliyah Johnson | } | |
| | | Trial Judge: David R. Fenster |

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant, Aaliyah Johnson, was charged with first-degree murder in violation of 13 V.S.A. § 2301. Following a hearing, the trial court ordered defendant held without bail under 13 V.S.A. § 7553 in September 2024. Defendant moved for the trial court to reconsider that decision. The court denied her motion to reconsider, and defendant appeals to this Court. We affirm.

¶ 2.     We begin with the statutory scheme. "A person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." 13 V.S.A. § 7553; see also Vt. Const. ch. II, § 40. "The evidence of guilt is great if substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt." State v. Book, 2021 VT 31, ¶ 3, 214 Vt. 644, 253 A.3d 893 (mem.) (quotation omitted). Once the court determines that the evidence of guilt is great, a presumption against release arises and "the burden shifts to the defendant to persuade the court to exercise its discretion to set bail or conditions of release." State v. Auclair, 2020 VT 26, ¶ 16, 211 Vt. 651, 229 A.3d 1019 (mem.). "The court must exercise its discretion in determining whether to release the defendant and, in so doing, may consider the factors in 13 V.S.A. § 7554(b)." State v. Tarbell, 2021 VT 68, ¶ 3, 215 Vt. 651, 261 A.3d 1123 (mem.). "[T]he trial court's discretion is broad, but the bail decision cannot be arbitrary." State v. Ford, 2015 VT 127, ¶ 10, 200 Vt. 650, 130 A.3d 862 (mem.). Finally, "[a]s long as the decision is not arbitrary, our review is narrow and strictly confined to whether an abuse of discretion has occurred." Tarbell, 2021 VT 68, ¶ 10 (quotation omitted).

¶ 3.     In this case, defendant stipulated that the weight of the evidence was great prior to the original September 2024 bail hearing.  At the hearing, the court considered the arguments from both sides, listed and applied each factor in § 7554, and concluded:

> [T]he nature and circumstances of the offense charged, especially the fact that there is at least alleged to be a second firearm that is still unaccounted for, the fact that the defendant is charged with first-degree murder, with the maximum penalty for that is a presumptive sentence of thirty-five to life with the possibility of life without parole, and the weight of the evidence against the accused, as the Court understands from the affidavit of probable cause that the majority of the offense was captured on video, the Court finds that release, even with a responsible adult under the circumstances, does not serve the interests of mitigating the risk of flight or avoiding danger to the public, given the—again, the nature and circumstances of the offense charged and the weight against the accused simply outweighs the other factors.

Consequently, defendant was held without bail.  At that point, defendant did not appeal the hold-without-bail order to this Court under § 7556(e).

¶ 4.     Four months later, on January 8, 2025, defendant moved to review the hold-without-bail order in the trial court.  Defendant sought a hearing to propose a release plan that would involve her mother and another individual as responsible adults to supervise defendant at all times and ensure that defendant complied with conditions of release.  Defendant also suggested a home-detention program.  The State opposed defendant's motion.  The State pointed out that the court had "already considered whether or not to release the defendant and in its discretion, chose not to [at] a hearing where the defendant presented a largely similar release plan" which had also included defendant's mother as the responsible adult.

¶ 5.     On February 24, the court held a hearing on defendant's motion.  Defendant argued that the court could exercise its discretion to review a decision to hold a defendant without bail under § 7553 where a change in circumstance had occurred.  Specifically, defendant argued that her new release plan and the fact that defendant's missing firearm had been located were evidence of a sufficient change in circumstance to justify review.

¶ 6.     In response, the court expressed doubt that it had discretion to review the hold-without-bail order.  The court explained that for those held on bail under § 7554, the statute explicitly articulated an avenue for review at the trial court level and that § 7556 articulated review at the Supreme Court.  However, the court opined that § 7553 contained no similar language to suggest that the court had discretion to review a previous hold-without-bail order.  Despite these reservations, the court allowed defendant to present testimony from defendant's mother concerning her capacity to act as responsible adult and explaining that the missing firearm had been recovered, and testimony from a psychotherapist and mental-health consultant, Crystal Barry, who laid out a plan for defendant were she to be released.

¶ 7. After considering this evidence, the court concluded that similar evidence was or could have been presented at the first hearing and that the information presented did not amount to a change in circumstances. The court also concluded that the firearm's discovery was not a sufficient reason to reconsider its prior decision "given the other factors that the court denied bail for earlier[:] the weight of the evidence against the accused, the nature and circumstances of the offense charged." The court denied defendant's motion to review bail and denied her motion for home detention "as a defendant held without bail is not entitled to home detention." See 13 V.S.A. § 7554b(c)(1) ("A defendant held without bail pursuant to section 7553 . . . shall not be eligible for release to the Home Detention Program.").

¶ 8. Defendant appeals the trial court's decision to this Court. She alleges that the trial court improperly refused to hear her motion to review bail. She also argues that defendants are entitled to more than one bail hearing and denying her review violated her rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and under Article 4 and Ch. II, § 40 of the Vermont Constitution. She argues that the trial court's "unstable approach to the procedural posture of the hearing prevented [defendant] from being able to effectively advocate for [her] motion."

¶ 9. We first address defendant's argument concerning her right to a review of an initial hold-without-bail determination under § 7553. This is a legal question that we review without deference to the trial court. State v. Lohr, 2020 VT 41, ¶ 4, 212 Vt. 289, 236 A.3d 1277.

¶ 10. We begin by clarifying that under certain circumstances, a person held without bail under § 7553 may request review of that bail determination. Section 7553 gives the trial court broad discretion in determining whether to hold a defendant without bail. 13 V.S.A. § 7553 (stating court "may" hold defendant without bail if factors set forth in statute are satisfied); State v. Pellerin, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 204. This permissive language in § 7553 does not support the conclusion that this discretion may only be applied once. As we pointed out when analyzing identical language in § 7553a, "[t]he Legislature, and the voters of Vermont, did not include mandatory language in these sections." State v. White, 2020 VT 62, ¶ 11, 212 Vt. 658, 237 A.3d 1235 (mem.). We conclude that the discretion given to courts to determine whether to hold a defendant without bail includes the "discretion to grant defendant's motion to review the order holding him without bail." Id. ¶¶ 11, 12 (analyzing identical language in § 7553a). Our conclusion today is consistent with and clarifies this Court's existing practice. See State v. Brown, 2023 VT 61, ¶ 7, __ Vt. __, 311 A.3d 162 (mem.) (affirming trial court's decision following motion to review hold-without-bail order); State v. LaBrecque, 2022 VT 20, ¶ 7, 216 Vt. 609, 279 A.3d 118 (mem.) (summarizing trial court's holding that "there appeared to be no reason why a defendant held under § 7553 would not be entitled to review after providing an adequate factual basis for such review" and making no statements to contrary in analysis); Tarbell 2021 VT 68, ¶ 14 (describing "defendant's existing rights to seek a review of the hold-without-bail decision" after being denied bail initially under § 7553).*

¶ 11. As we described in White, however, a "defendant has no right to such a review without presenting an adequate basis for review, and there are limits to the bases on which a court

---

* We note that the review articulated in this order is not a substitute for a direct appeal from the hold-without-bail order to this Court under § 7556(e).

can conduct such a review." White, 2020 VT 62, ¶ 12 (analyzing identical language in 13 V.S.A. § 7553a providing that defendant "may be held without bail"). Specifically, we hold that "for a defendant to justify reconsideration of a prior order, the defendant must present new relevant facts or evidence or establish a basis for concluding that there has been a substantial change in circumstances sufficient to warrant reconsideration." LaBrecque, 2022 VT 20, ¶¶ 8, 23 (endorsing trial court's conclusion.).

¶ 12. The trial court has discretion in determining whether the facts or evidence presented by a defendant meets this standard. See State v. Blackman, 160 Vt. 451, 457, 631 A.2d 1134, 1138 (1993) (collecting cases describing breadth and basis of trial court's broad power to impose bail even when case is one "in which it would be hard and unjust to confine a man in prison, though accused even of the greatest offense" (quotation omitted)). "As long as the trial court gives the defendant an opportunity to be heard, the trial court's discretion is 'extremely broad,' and our review under § 7553 is 'strictly limited.' " State v. Baker, 2015 VT 62, ¶ 2,199 Vt. 639, 116 A.3d 1192 (mem.) (quoting State v. Brillon, 2010 VT 48, ¶ 7, 188 Vt. 537, 996 A.2d 1187 (mem.)).

¶ 13. First, we disagree with defendant that she was prevented from being able to effectively advocate for her motion. In the hearing below, defendant argued to the court that there had been a change in circumstances sufficient to warrant a review. She argued that the missing firearm had been located and no longer posed a threat and asked to present more information about a new responsible adult and location where defendant could stay if she were to be released. Subsequently, the court allowed defendant to present testimony from defendant's mother and therapist to support her arguments.

¶ 14. Defendant acknowledges that "some evidence was allowed at the hearing" but argues that "due to the confusing nature of the court's statements . . . the defense was unable to understand or assess what proof it would be allowed to offer and the scope on which it was being offered." However, the transcript indicates that defense counsel argued and presented evidence under the appropriate standard, which was whether there had been a substantial change in circumstances warranting reconsideration of the original decision.

¶ 15. Defendant argues that her third witness—the proposed new responsible adult and "owner of the property for the suggested home detention"—was not allowed to testify. However, as defendant acknowledged below: "someone being held without bail is not entitled to . . . home detention. . . . So we're going to have to start with the motion to review bail, and then [the court's] ruling will then determine whether the home detention request proceeds." Because the court denied the motion to review bail and defendant continued to be held without bail, the evidence regarding the home-detention request was irrelevant. See 13 V.S.A. § 7554b(c)(1) ("A defendant held without bail pursuant to section 7553 . . . of this title shall not be eligible for release to the Home Detention Program.").

¶ 16. We next turn to whether the trial court appropriately denied defendant's motion to review her bail determination. As described above, for the court to review defendant's initial bail determination defendant must show a substantial change in circumstances sufficient to warrant reconsideration. The court acted within its discretion in concluding that defendant's proposed new release plan did not meet this standard. Defendant's new plan was largely identical to her first plan, which was rejected by the court at the initial bail hearing. At that first hearing, the court held

4

that the circumstances would not entitle defendant to release "even with a responsible adult." Consequently, defendant altering the plan to incorporate another responsible adult and some additional resources was not a substantial change in circumstances warranting reconsideration, because it did not affect the court's conclusion that no responsible adult could adequately "mitigate[e] the risk of flight or avoid[] danger to the public."

¶ 17.    The discovery of the missing weapon is a closer issue.  The court's initial decision to hold defendant without bail was, in part, based "especially [on] the fact that there is at least alleged to be a second firearm that is still unaccounted for."  The evidence that the weapon was no longer missing and no longer potentially accessible to defendant removed this concern.

¶ 18.    However, even if the evidence concerning the recovery of the gun constituted a substantial change in circumstances, the trial judge acted within its discretion in denying release. The transcript indicates that the court gave defendant the opportunity to be heard on this issue, considered defendant's arguments, and concluded that the new evidence concerning the missing firearm was an insufficient reason to amend the hold-without-bail order.  The court explained that this change was of minimal significance given the weight of the evidence against defendant and the nature and circumstances of the charged offense.  The court adequately explained its reasoning, which was consistent with its prior decision.  Therefore, we conclude that the court did not abuse its discretion when it denied defendant's motion to review bail based on the discovery of the missing firearm.  See State v. Main, 2022 VT 18, ¶ 13, 216 Vt. 605, 279 A.3d 113 (mem.) ("We will only conclude that the court has abused its discretion . . . if it failed to exercise its discretion, or exercised it for reasons clearly untenable or to an extent clearly unreasonable." (quotation omitted)).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

5